# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT M. BROWN, )
)
          Plaintiff, )
)
v. )   Case No. 10-2606-WEB-KGG
)
UNIVERSITY OF KANSAS, *et al.,* )
)
         Defendants. )
                                     )

## MEMORANDUM AND ORDER

Before the Court is the Motion for Leave to File Out of Time Answer and Motion to Dismiss for Lack of Capacity for Suit filed by Defendant University of Kansas School of Law ("Defendant Law School"). (Doc. 12.) Plaintiff responds in opposition (Doc. 13) and Defendant Law School replies (Doc. 14). For the reasons set forth below, the Court finds that Defendant Law School has established excusable neglect for its failure to timely answer or otherwise plead and that Defendant's potential Motion to Dismiss is not futile. As such, Defendant Law School's motion is **GRANTED**.

## FACTS

Plaintiff filed his Complaint on November 9, 2010, against numerous Defendants, alleging various claims relating to his dismissal from Defendant Law

School, including deprivation of due process as well as claims for certain injunctive relief. (Doc. 1.) Defendant Law School admits that it was served with process via U.S. Certified Mail on November 10, 2010, and that it failed to timely answer or otherwise plead by the deadline of December 1, 2010. (Doc. 12, at 1-2.)

Defendant contends, however, that its Complaint and summons were delivered in conjunction with the same documents being delivered to Defendant Stephen Mazza. (*Id*.) As such, when Defendant Mazza's administrative assistant received the documents together, "[t]hrough inadvertence there was a failure to recognize that the two items were distinct." (*Id*., at 1.) "Because the School of Law summons and complaint were not addressed to any individual, again through inadvertence, the administrative assistant believed those documents to be duplicative of the mailing that was received addressed to Stephen Mazza in his official capacity and simply placed the School of Law mailing in the file." (*Id*., at 1-2.) According to Defendant Law School, its distinct summons and Complaint were not discovered until after inquiries from counsel – and after the deadline had passed for it to Answer or otherwise plead. (*Id*., at 2.)

## DISCUSSION

The Federal Rules of Civil Procedure set out the requirement for granting an extension of time for a party to act when the request for an extension is made <u>after</u>

the deadline set for the action. *See* Fed. R. Civ. P. 6(b)(1)(B) (where a party "failed to act because of excusable neglect"). Likewise, District Court of Kansas Local Rule 6.1 also covers motions for extensions of time. The rule "provides that an extension of time <u>will not be granted</u> unless the motion is made before the expiration of the specified time, <u>except upon a showing of excusable neglect</u>." **Howard v. TMW Enterprises, Inc**., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998) (emphasis added). Therefore, in determining whether a party should be allowed leave to file an answer out of time, the Court must determine whether the moving party failed to act in a timely manner due to "excusable neglect."

The U.S. Supreme Court addressed the issue of excusable neglect in the decision of **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership**, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The **Pioneer** Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Id*. at 388, 113 S.Ct. at 1494-95 (emphasis in **Pioneer**) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also* **City of Chanute, Kansas v. Williams Natural Gas Co.**, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting **Pioneer**). Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

3

*Pioneer Inv. Servs. Co.*, 507 U.S. at 391-392. The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith. *Id.* at 395. *See also* **City of Chanute**, 31 F.3d at 1046 (noting that fault in the delay remains a very important factor, but courts must look to the entire circumstances of the case); **Burton v. R.J. Reynolds Tobacco Co**., 203 F.R.D. 624, 628–29 (D.Kan. 2001) (analyzing excusable neglect under Fed. R. Civ. P. 6).

Plaintiff strenuously opposes Defendant's motion, arguing in part that Defendant's "administrative disorganization does not constitute excusable neglect." (Doc. 13, at 4-5.)[1] The Court finds Plaintiff's arguments to be well-stated. After review of the *Pioneer* factors, however, the Court concludes that Defendant Law School should be allowed to file its Answer and/or Motion to

---

[1] Plaintiff also objects that Defendant failed to establish excusable neglect because it did not provide a sworn statement from – or even the name of – the alleged administrative assistant involved. Attached to Defendant's reply is the affidavit of Barbara Menke, which rectifies this issue. (Doc. 14-1.)

Dismiss out of time. The circumstances presented by Defendant Law School epitomize the definition of neglect – leaving a task "'undone or unattended to *esp[ecially] through carelessness.*'" **Pioneer**, 507 U.S. at 388, 113 S.Ct. at 1494-95 (emphasis in **Pioneer**). Under the circumstances of the additional, otherwise identical mailing received at the same time by Defendant Mazza's administrative assistant, the Court also finds this neglect to be excusable. In analyzing the **Pioneer** factors, the Court finds no legal prejudice to Plaintiff; the delay (less than 3 weeks) was not extensive and does not significantly delay the processing of this case; the cause of the delay (understandable confusion/inadvertence of administrative staff) does not appear to be the fault of the Defendant; and there is no evidence that Defendant acted other than in good faith.

Plaintiff also argues that Defendant's proposed motion to dismiss should not be allowed because it is futile. (Doc. 13, at 7.) While not reaching a conclusion as to the underlying merits of Defendant Law School's proposed Motion to Dismiss based on lack of capacity to be sued (Doc. 12-1), the Court does not agree that Defendant's proposed motion is futile on its face. *See* **Fugate v. Unified Gov't of Wyandotte Co**., 161 F.Supp.2d 1261, 1266 (D.Kan. 2001) (holding that absent a specific statute, subordinate government agencies do not have the capacity to sue

or be sued).[2]  Defendant Law School's motion (Doc. 12) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Out of Time Answer and Motion to Dismiss for Lack of Capacity For Suit (Doc. 12) **GRANTED**.  Defendant Law School shall file its Answer and/or otherwise plead, in the forms attached to its motion (Docs. 12-1, 12-2) on or before May 18, 2011.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 4th day of May, 2011.

                                             s/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge

---

[2]  Plaintiff's additional argument that the proposed, but not yet filed, Answer is procedurally deficient is premature.