IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

ROBERT M. BROWN, )
 )
        Plaintiff, )
 )
v. ) Case No.10-2606 -WEB
 )
 )
 )
THE UNIVERSITY OF KANSAS, )
et al., )
 )
        Defendant. )

MEMORANDUM AND ORDER

Plaintiff Robert M. Brown filed this action on November 9th, 2010, alleging unlawful interference with constitutionally protected rights in his continued enrollment at the University of Kansas School of Law (hereinafter "KU School of Law"). Defendant KU School of Law was served with process via U.S. Postal Service Certified Mail, and the answer or other Rule 12 motion was due on December 1, 2010. (*See,* Doc. 12). On December 21, 2010, Defendant KU School of Law filed a Motion for Leave to File Out of Time. (Doc. 12).

Defendant KU School of Law's motion requests leave to file its Answer and Motion to Dismiss Based on Lack of Capacity for Suit out of time. Both proposed documents were attached to the motion as exhibits. Defendant KU School of Law contends that the summons and complaint addressed to Defendant Stephen Mazza, in his official capacity, and the summons and complaint addressed to Defendant KU School of Law were all delivered to the administrative assistant for Stephen Mazza at the KU School of Law on the same date.

Defendant KU School of Law asserts that by inadvertence there was a failure to recognize that the two items were distinct. It alleges that the administrative assistant believed those documents to be duplicative of the mailing that was received addressed to Stephen Mazza in his official capacity, and that the assistant therefore simply placed the KU School of Law mailing in the file.

Defendant KU School of Law seeks leave to file these pleadings out of time based on the claim of excusable neglect. In further support of its request, Defendant KU School of Law notes that these pleadings were filed only twenty days late and that the case has not progressed beyond the responsive pleading stage. In addition, KU School of Law contends that because of its asserted position that the School of Law lacks capacity to sue or be sued and should be dismissed, plaintiff cannot demonstrate any prejudice that would result to him if the Court grants defendant leave to file the proffered pleadings out of time.

Plaintiff argues that the Defendant KU School of Law's "administrative disorganization" does not constitute excusable neglect. Additionally, Plaintiff asserts that since Defendant KU School of Law's motion relied on unsworn statements it is insufficient under Federal Rule of Civil Procedure 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or deposition.")

However, Defendant KU School of Law's reply included an attached affidavit of Barbara Menke, the administrative assistant who mistakenly thought the mailings received were duplicate documents. Therefore, the Plaintiff's position that the motion relies on

unsworn statements is now moot.

Rule 6(b)(1)(B) allows the Court to grant leave to a party to file after the time has expired if there was excusable neglect. The Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), held that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."

This concept has been refined by the Tenth Circuit which has identified the factors to be considered in determining whether neglect is excusable. *See, e.g., Hamilton v. Water Whole Intern. Corp.*, 302 Fed.Appx. 789 (10th Cir. 2008). Those factors are: 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for the delay and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party. *Id.* at 798 (citing *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)); *see also, Quigley v Rosenthal,* 427 F,3d 1232, 1238 (10th Cir. 2005) (applying the *Torres* standard to a claim of excusable neglect under Fed. R. Civ. Pro. 6(b)).

This Court has previously held that brief delays in filing answers can meet the requirements of excusable neglect. *See, Lewis v. Spring Nextel,* No. 08-2458, 2008 WL 5263782, at *1 (D.Kan. Dec. 5, 2008) (one-month delay between original answer date and motion not prejudicial, particularly when no scheduling order had been entered); *see also,*

*Welch v. Centex Home Equity Co. LLC,* No. 03-2132, 2004 WL 2342985, at *1 (D.Kan. Apr. 23, 2004) (two-month delay between original answer deadline and plaintiff's request for leave to file answer out of time was "relatively innocuous.").

In the case at hand, the delay was only twenty days and the case had not yet proceeded beyond the responsive pleading stage. Defendant KU School of Law has submitted an affidavit and an explanation of the neglect that occurred–namely that the administrative assistant mistakenly filed two documents that were received as duplicates instead of recognizing that the two items were distinct. The summons and complaint addressed to Defendant Stephen Mazza, in his official capacity, and the summons and complaint addressed to Defendant KU School of Law both were delivered to the administrative assistant for Stephen Mazza at the KU School of Law on the same date. This is not a case of ignorance of the rules or a mistake construing the rules.

Under the factors set forth in *Pioneer* and refined by *Hamilton v. Water Whole Intern. Corp.*, 302 Fed.Appx. 789 (10th Cir. 2008), three of the factors present virtually no problems in the case at hand. There has been no evidence that Defendant KU School of Law acted in bad faith. In fact, Defendant KU School of Law, upon discovery of the mistake, promptly filed its Motion for Leave to File Out of Time and attached the proposed documents as exhibits which demonstrates a good faith effort to remedy the mistake. Additionally, there has been no real prejudice to the opposing party. Finally, the short delay has not had an adverse effect on the progress of judicial proceedings in this case to date.

The final *Pioneer/Hamilton* factor, the reason for the delay and whether it was in the reasonable control of the moving party, is the only difficult factor in this case. The *Pioneer* Court expressly gave little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the deadline. *Pioneer,* 113 S.Ct. at 1499. As a general rule, mere inadvertence is an insufficient basis for noncompliance within the specified time. *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987). *See also, Greene v. U.S. Dep't of Army,* 149 F.R.D. 206, 209 (D. Kan. 1993); *Sanders v. U.S. Dep't of Justice,* 1991 WL 126778 (D. Kan. 1991). However, the Tenth Circuit found no abuse of discretion when the trial court permitted individual defendants to file answers out of time upon discovering that their names were omitted from the originally filed answer because the record showed the late answers stemmed from "mistake, inadvertence or carelessness" and not from bad faith. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995).

The reason for the delay in this case was because of the error of the administrative assistant, which was arguably within the control of the moving party, although not intentional. This error was due to mistake, inadvertence, or carelessness–not bad faith. The court may exercise its discretion and grant leave to file out of time when the delay is due to carelessness. *See, Consol. Marketing Corp. v. Frontier Commc'ns. Intern., Inc.,* 95-2403, 1996 WL 225198, at *2 (D.Kan. Mar. 19, 1996) (makes clear that a district court does not abuse its discretion when granting leave to file out of time when the delay occurs as a result of carelessness as opposed to bad faith.)

Missed deadlines caused by clerical errors like the one in this case are excusable. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1998); *Espy v. Mformation Techs.*, No. 09-2211, 2009 WL 2912506, at *11 (D.Kan. Sept. 9, 2009) (excusable neglect when paralegal did not check certificate of service for admission requests delivered by hand and erroneously added three days when calendaring response deadline).

Therefore, the Court finds that the error by the administrative assistant falls within the realm of what was contemplated as "excusable neglect."

**Conclusion**

For the foregoing reasons, the Court finds that Defendant KU School of Law's degree of neglect in this case is "excusable" neglect.

Therefore, Defendant KU School of Law's Motion for Leave to File Out of Time (Doc. 12) is GRANTED.

Accordingly, Defendant KU School of Law is ordered to file its Motion to Dismiss Based on Lack of Capacity for Suit (Doc. 12-1) forthwith.

Defendant KU School of Law is further ordered to file its Answer and Affirmative Defenses (Doc. 12-2) forthwith.

IT IS SO ORDERED this 4th day of May, 2011 in Wichita Kansas.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge