**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **Robert M. Brown,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **10-CV-2606 JTM/GLR** |
| | ) | |
| **The University of Kansas, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT THE UNIVERSITY OF KANSAS SCHOOL OF LAW'S MOTION TO DISMISS BASED ON LACK OF CAPACITY FOR SUIT TOGETHER WITH SUGGESTIONS IN SUPPORT OF MOTION**

Defendant, University of Kansas School of Law, through counsel, moves to dismiss plaintiff's complaint against it based on the School of Law not being a person or separate legal entity with capacity to sue or be sued, and in support of this motion states:

**Facts**

1. Plaintiff's complaint fails to state that defendant University of Kansas School of Law is a person or separate legal entity capable of suing or being sued. *See* Complaint ¶ 12.
2. Plaintiff's complaint states that "Defendant The University of Kansas School of Law is a public School of Law within the University of Kansas. . . ." *See* Complaint ¶ 12 (emphasis added).
3. Plaintiff's complaint does not identify the School of Law as having any capacity beyond its being a subordinate academic unit within the School of Law. *See* Complaint ¶ 12.
4. Judicial notice will confirm that there is no separate statutory authority creating the University of Kansas School of Law as a person or legal entity separate and distinct from the University of Kansas or granting it authority to sue or be sued. *See* K.S.A. § 76-711

("State educational institution" means the University of Kansas . . . .); § 76-713 ("Any state educational institution may be sued and may defend any action brought against it.").

**Question Presented**

Whether the defendant University of Kansas School of Law, which is neither a person nor separate legal entity with statutory authority to sue or be sued, has the capacity to be sued and named as a defendant.

**Argument and Authorities in Support of Motion to Dismiss**

Rule 17(b), Fed.R.Civ.P., addresses capacity to sue or be sued, and provides:

> Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located. . . .

In this case, plaintiff has pled that defendant School of Law is a "public School of Law within the University of Kansas." Thus, plaintiff Brown's pleading on its face characterizes the School of Law as a subordinate academic unit within the University of Kansas rather than a separate and distinct entity.

Under Rule 17(b)(3), Fed.R.Civ.P., the question of whether the School of Law has the capacity to be sued is determined by Kansas law. In Kansas, it is well established that subordinate government agencies or units, in the absence of statutory authorization, do not have the capacity to sue or be sued. *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985). *See also Mason v. Twenty-Sixth Judicial District of Kansas*, 670 F.Supp. 1528, 1535 (D.Kan. 1987) (Plaintiff should have brought action against State of Kansas in the absence of statutory authority granting the Judiciary or the Judicial District of Kansas capacity to sue or be sued.); *Stambaugh*

{L0018985 / }

*v. Kan. Dep't of Corr.*, 844 F.Supp. 1431, 1434 (D.Kan. 1994) (granting leave to amend Title VII complaint to add State of Kansas where plaintiff named only Kansas Department of Corrections, which was an agency lacking the capacity to sue or be sued.)

Kansas statute recognizes the University of Kansas as a state educational institution. *See* K.S.A. § 76-711. As a state educational institution, the University of Kansas has been granted specific statutory authority to sue and be sued. *See* K.S.A. § 76-713. The School of Law, however, is a subordinate academic unit within the University of Kansas, and there is no statutory recognition of it or statutory authority for it to sue or be sued. Accordingly, the School of Law lacks the capacity to sue or be sued and should be dismissed as a defendant.

WEHREFORE, defendant School of Law requests that the Court dismiss it as a defendant based on its lack of capacity to be sued.

Respectfully submitted,

By: /s Sara L. Trower

Sara L. Trower, Ks. SC # 21514
Associate General Counsel and Special
Assistant Attorney General
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel: (785) 864-3276
Fax: (785) 864-4617
E-mail: strower@ku.edu

*Attorney for Defendant School of Law*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing was served this 21st day of December 2010, by U.S. mail, first-class postage prepaid addressed to:

Robert M. Brown
6200 W. 74th Street
Overland Park, KS 66204

__/s Sara L.Trower_______
*Counsel for Defendant*

{L0018985 / }