IN THE UNITED STATES DISTICT COURT
FOR THE DISTICT OF KANSAS

| | |
|---|---|
| Robert M. Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  10-CV-2606 JTM/GLR |
| v. ) | |
| ) | *Electronically filed on 05/09/11* |
| KVC Behavioral Healthcare Inc. et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF ROBERT M. BROWN'S MOTION TO STRIKE PORTIONS OF DEFENDANT THE UNIVERSIY OF KANSAS SCHOOL OF LAW'S ANSWER TOGETHER WITH SUGGESTIONS IN SUPPORT OF MOTION**

Plaintiff Robert M. Brown respectfully submits this Motion To Strike Portions of Defendant The University of Kansas School of Law's Answer, and in support of his motion, states as follows:

**BACKGROUND**

Plaintiff Robert M. Brown filed this action on November 9th, 2010, alleging unlawful interference with his constitutionally protected procedural and substantive due process rights in his liberty and contractual property interests in his continued enrollment at the University of Kansas School of Law (Defendant).  On May 4th, 2011, Defendant filed its Answer (Def.'s Answer)(Doc. 24).

## ARGUMENTS AND AUTHORITIES

### Defendant's Answer Fails to Comport With Federal Rules

1. The Standard of Review

In responding to a pleading, the responding party must admit or deny the allegations asserted against it. Fed.R.Civ.P. 8(b)(1)(A).  Any denial must "fairly respond to the substance of the allegation." Fed.R.Civ.P. 8(b)(2).

"A party that intends in good faith to deny all the allegations of a pleading – including jurisdictional grounds – may do so by a general denial.  A party that does not intend to deny all the allegations *must* either specifically deny designated allegations or generally deny all except those specifically admitted. Fed.R.Civ.P. 8(b)(3)(Emphasis Added).

Allegations are admitted if a responsive pleading is required and the allegations are not denied, with the exception of allegations relating to the amount of damages. Fed.R.Civ.P. 8(b)(6).

Fed.R.Civ.P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any [] immaterial [] matter."

**2.    Defendant's Answer Ignores the Numerous Mandates of Rule 8(b)**

Plaintiff Brown's complaint contains Two Hundred Seventy Six paragraphs of allegations of facts, including jurisdictional grounds. (Compl. pp. 1-42, ¶¶ 1-276)  By way of answer, Defendant states, under the guise of a "General Denial", only that "The University of Kansas School of Law is not a person or separate legal entity capable of suing or being sued, and therefore denies each and every allegation contained in plaintiff's complaint." (Def.'s Mot. Attach. #2, p. 1)(Doc. 12 Attach. #2, p. 1).

2

By doing so, Defendant denies (among many other things) that Plaintiff and all individual defendants are natural persons (Compl. pp. 1-2, ¶¶ 10, 13-16), that Brown has provided correct information regarding the identities and capacities of the members of the Kansas Board of Regents (Compl. pp. 4-5, ¶¶ 17-26), all Brown's allegations of fact pertaining to the School of Law's system of Government including the accuracy of verbatim quotes from published law school policies (Compl. pp. 7-10, ¶¶ 37-55), and that "[d]efendant The University of Kansas School of Law is a public School of Law within the University of Kansas." (Compl. pp. 3, ¶ 12).

Despite denial of paragraph 12 of Plaintiff Brown's complaint, Defendant then goes on to cite that paragraph with total agreement in the first three paragraphs of its Motion to Dismiss (Def.'s Mot. Attach. #1, p.1, ¶¶ 1-3 )(Doc. 12 Attach. #1, p.1, ¶¶ 1-3).

Rather than actually attempt to admit or deny the allegations asserted against it (Fed.R.Civ.P. 8(b)(1)(A)) in an even handed way which is intended to "fairly respond to the substance of the allegation[s]" (Fed.R.Civ.P. 8(b)(2)), Defendant has simply decided that it has already prevailed on its motion to dismiss, and has accordingly unburdened itself of the requirements of Rule(8)(b).  By failure to admit even the indisputable, Defendant flauts the requirements of Fed.R.Civ.P. 8(b)(3) which relate to general denials as well.

**3.      Defendant has been placed on notice of the deficiencies in its answer, and has had four months within which to correct them.**

In Brown's Response to Defendant's Motion for Leave to File Out of Time Answer (Doc. 13) which was filed on January 3rd, 2011, substantially the same pleading deficiencies as noted above were brought to the attention of Defendant.  Defendant had approximately four months to propose amended pleadings containing admissions and denials which fairly respond to the substance of Brown's allegations, but instead chose to stand on its general denial which references its dispositive motion and deals not at all with the substance of Brown's allegations.

Defendant has improperly ignored its obligation to respond. Defendant's general denial is both insufficient and immaterial as a response to the allegations contained within Brown's complaint, and should be stricken per Fed.R.Civ.P. 12(f).

### 4. Conclusion

In one oft quoted case from the Northern District of Illinois, Senior District Judge Milton Shadur encountered a situation in which the defendant failed to provide any meaningful answer which dealt fairly with the substance of thirty out of thirty-five allegations, stating instead "[n]either admit nor deny the allegations of said Paragraph-, but demand strict proof thereof". *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Rest., Inc.*, 180 F.R.D. 332, 332 (N.D.Ill. 1998). Judge Shadur vented in his now famous opinion:

> This is it. For too many years and in too many hundreds of cases this Court has been reading, and has been compelled to order the correction of, allegedly responsive pleadings that are written by lawyers who are either unaware of or who choose to depart from Rule 8(b)'s plain roadmap. [] This Court's efforts at lawyer education through the issuance of repeated brief opinions or oral rulings, or through faculty participation in seminars and symposia on federal pleading and practice,FN4 have proved unavailing. It is time for this Court to follow the Rules itself, in this instance Rule 8(d)[.] Accordingly all of the allegations of Complaint ¶¶ 6-12, 17, 25-26 and 33-34 are held to have been admitted by Dimitri's and Chelios, and this action will proceed on that basis. And although the same phenomenon referred to in n. 4 probably makes it quite unlikely that the lawyers who are most prone to commit the same offense will be lawyers who are regular (or even sporadic) readers of F.Supp. or F.R.D., this opinion is being sent to West Publishing Company for publication. Future Rule 8(b) violators are hereby placed on constructive notice that their similarly defective pleadings will encounter like treatment.

*King Vision*, 180 F.R.D. at 333-34

At least in *King Vision*, the Defendants admitted that which could not be denied. Here, Defendant has admitted zero out of two-hundred-seventy-six allegations of fact, and then gone on to base its motion to dismiss on its own stated correctness of one of the very facts it denies.

Defendant's general denial suffers from a complete lack of any meaningful effort to respond fairly or otherwise to the allegations contained within Brown's complaint. As such, this portion of the answer should be stricken pursuant to Fed.R.Civ.P. 12(f), and the allegations in paragraphs 1 through 276 should be deemed admitted for the pendency of this litigation pursuant to Fed.R.Civ.P. 8(b)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff Brown respectfully requests that this Court strike Defendant's General Denial from its answer, that the allegations in the complaint be deemed admitted, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Robert M. Brown

By: /s/ Robert M. Brown
Robert M. Brown, *Pro Se*
6200 W 74th Street
Overland Park, KS  66204
816-721-4512
866-610-4630 (fax)
bbrown@netstandard.net

5

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 9th day of May, 2011, the above and foregoing was electronically filed with the United States District Court for the District of Kansas using the CM/ECF system and was sent via email to the following:

Sara L. Trower, Esq.
Associate General Counsel and Special
Assistant Attorney General
Room 245, Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS  66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617
Email: strower@ku.edu

*Attorney for Defendant University of Kansas*
*School of Law*

              /s/ Robert M. Brown_____
              Robert M. Brown, *Pro Se*