## IN THE UNITED STATES DISTICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Robert M. Brown,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  10-CV-2606 JTM/GLR** |
| **v.** | ) | |
| | ) | *Electronically filed on 11/16/2011* |
| **The University of Kansas, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFF ROBERT M. BROWN'S MOTION TO COMPEL DISCOVERY TOGETHER WITH SUGGESTIONS IN SUPPORT

Plaintiff Robert M. Brown respectfully moves this Court to compel discovery, and in support of his motion, states as follows:

1.      Plaintiff Robert M. Brown filed this action on November 9th, 2010, alleging unlawful interference with his constitutionally protected procedural and substantive due process rights in his liberty and contractual property interests in his continued enrollment at the University of Kansas School of Law.

2.      On December 1, 2010, defendant Boettcher, Downey-Schmidt, Edwardsin, Emert, Hedges, Lykins, McKechnie, Perkins, Sherrer, and Tompkins (Doc. # 6), the University of Kansas (Doc. # 7), Mazza (Doc. # 8), Gray-Little (Doc. # 9), Agrawal (Doc. # 10), and McCray Pearson filed Answers (Doc. # 11).

3.      On March 23, 2011, Defendant Rohleder-Sook filed her answer (Doc. # 20).

4.      On May 04, 2011, Defendant the University of Kansas School of Law filed its answer out of time by leave of the Court (Doc. # 24).

5.      Defendants' answers failed to admit allegations of fact regarding the University of Kansas and the University of Kansas School of Law policies and procedures which govern disputes between members of the academic community.

6.      Many of the denied allegations within the answers to the complaint used terms such as "denied as stated" to avoid admission of publicly published facts, such as the existence of the University Senate Code Bill of Rights, although the denied statements were unquestionably at least partially true and could not be fully denied in good faith.

7.      On May 04, 2011, Defendant the University of Kansas School of Law filed a motion that it be dismissed as a party based on lack of capacity for suit (Doc. # 25).

8.      The Answer of the University of Kansas School of Law did not deal discretely with any of the allegations in the Complaint (Doc. # 1), but instead generally denied all of them based upon its filing of the School of Law's motion to dismiss due to lack of capacity for suit.

9.      Plaintiff Brown filed his response to the University of Kansas School of Law's motion to dismiss on May 9th, 2011 (Doc. # 27).

10.     The Court has not yet ruled on the School of Law's motion to dismiss, and the University of Kansas School of Law still remains a defendant for all purposes in this case.

11.     Between September 5th and September 7th of 2011, Plaintiff Brown served upon each individual defendant separately one request for admissions, one request for production of documents, and one set of first interrogatories (Docs. # 45, # 46).

12.     On October 17th, 2011, Defendants filed a certificate of service of their answers to Plaintiff's discovery requests with the Court (Doc. # 50).

13.     Defendants Gray-Little, Boettcher, Downey-Schmidt, Edwardsin, Emert, Hedges, Lykins, McKechnie, Perkins, Sherrer, and Tompkins provided no answers whatsoever to any of the discovery documents with which each defendant was served.

14.     Counsel for Defendants  Gray-Little, Boettcher, Downey-Schmidt, Edwardsin, Emert, Hedges, Lykins, McKechnie, Perkins, Sherrer, and Tompkins asserts that, as official capacity defendants, these defendants are not required to respond to discovery.

15.     Defendant the University of Kansas School of Law did not file a separate answer to any discovery document, instead adopting the answers of the University of Kansas as its own answers based upon the yet to be adjudicated theory that the School of Law does not have the capacity to be sued separately.

16.     With the exception of the resumes of defendants Rohleder-Sook, Agrawal, Mazza, and McCray-Pearson, not a single document was provided in response to any request for production of documents.

17.     Several of the answers given in response to interrogatories and requests for production refer only to "the 413 pages of documents produced to plaintiff" without specifying which documents within those 413 pages are responsive.

18.     Several of the documents within "the 413 pages of documents produced to plaintiff" during Rule 26 disclosures have been covered over with paper upon which is written "Redacted due to Attorney Client Privilege" without provision of any privilege log although such a log is both required by the Federal Rules of Civil Procedure and has been specifically requested in the discovery documents by Plaintiff Brown.

19.     Regarding any interrogatory or request for admissions which has to do with opinions or law as applied to fact, defense counsel has simply objected to them as improper and no answers have been forthcoming from any defendant.

20.     No sworn signatures were provided with any of the discovery responses as originally forwarded to Plaintiff Brown.

21.     On October 18th, 2011, Plaintiff Brown contacted defense counsel requesting a meeting to discuss the discovery responses and avoid the involvement of the Court.

22.     On October 20th, 2011, Brown requested the sworn signatures via email.

23.     The parties scheduled a meeting on Monday, October 24th ,2011, to attempt to resolve discovery differences.

24.     On Friday, October 21, 2011, Brown forwarded a list of discussion points to defendants' counsel to be used in preparation for the Monday meeting.

25.     Between October 21, 2011 and November 5, 2011, the parties conferred on three separate occasions to attempt to resolve discovery differences.

26.     On November 8th, 2011, Counsel for defense sent supplemental interrogatory responses for defendants Mazza, Agrawal, Rohleder-Sook, and McCray-Pearson, and supplemental Admissions for defendant Mazza.

27.     To the date of this motion and despite multiple requests, no defendant other than Rohleder-Sook has provided a sworn signature.

28.     Plaintiff and defense counsel have been unable to reach agreement upon the need for the Regents, the Chancellor, and the University of Kansas School of Law to provide any answers at all.

29.     Plaintiff and defense counsel have been unable to reach agreement upon the need for any defendant to elaborate upon conditional responses which indicate but do not explain partial denial of an allegation within the complaint, both initially pursuant to Rule 8(b)(3) and 8(b)(4) of the Federal Rules of Civil Procedure and when called upon to correct the shortcomings in those answers by way of interrogatory.

30.     Plaintiff and defense counsel have been unable to reach agreement on whether or not Defendants are required to provide information regarding their prior experience with disciplinary complaints.

31.     Plaintiff and defense counsel have spoken regarding these matters as recently as November 15th, and it appears doubtful that resolution will ever be forthcoming regarding basic differences in the beliefs of Plaintiff and defense counsel regarding what response is required.

32.     Plaintiff has advised defense counsel that this motion would be forthcoming.

## THE STANDARD OF REVIEW

"A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed.R.Civ.P. 8(b)(4).   By presenting to the court a pleading, written motion, or other paper, a party certifies to the court that to the best of knowledge and belief formed after reasonable inquiry, the denials of factual contentions are warranted on the evidence.  Fed.R.Civ.P. 11(b).

Parties can obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R.Civ.P. 26(b)(1).  A party who withholds information from discovery based upon some privilege must

both expressly claim the privilege and describe the materials withheld with such specificity so as to enable other parties to assess the validity of the claim of privilege. Fed.R.Civ.P. 26(b)(5)(A)

An Interrogatory can relate to any matter covered by Rule 26(b), and interrogatories are not objectionable merely because the request the application of opinion to fact or the application of law to fact.  Fed.R.Civ.P. 33(a)(2).  Similarly, a Request for Production of Documents may seek any subject matter which is relevant pursuant to Rule 26(b).  Fed.R.Civ.P. 34(b).  A request for admissions may seek the truth of any matter relevant to  Rule 26(b) relating to "facts, the application of law to fact, or opinions about either".  Fed.R.Civ.P. 36(a)(1).   The 1970 amendments to the rules have made express changes in order to make clear that both application of opinion to fact and application of law to fact are fully permissible within both interrogatories and requests for admissions.  Of special importance is the commentary from the 1970 changes to Rule 33, which states that "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."

Statistical materials are proper fodder for discovery in Federal cases in which it is necessary to determine whether action has been discriminatory or otherwise arbitrary and capricious.  (See, e.g. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, Fn 10 (1973); finding error where the trial court denied requests for discovery of statistical materials which may have been relevant to the claim of disparate and arbitrary treatment.)

The Federal Rules of Civil Procedure allow discovery of the nature herein sought by Brown on *any* party. Federal rules of Civil procedure 36(a), 33(a), and 34(a) all contain the same language in that regard. ("A party may serve on any other party . . .").

Attempts to narrow the scope of what may be sought from certain classes of parties is not the province of the court, but rather is best left to the rulemaking and legislative process. *Crawford-El v. Britton*, 523 U.S. 574, 576.

## ARGUMENTS AND AUTHORITIES

### A. Complete Failure to Respond by Every Official Capacity Defendant

Each discovery document served upon defendants Gray-Little, Boettcher, Downey-Schmidt, Edwardsin, Emert, Hedges, Lykins, McKechnie, Perkins, Sherrer, and Tompkins was answered with the basic statement that that defendant objected to the Requests in that the Defendant had been named only in his or her official capacity, not as an individual, and that therefore, the requests were overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence with respect to any claim or defense asserted in this litigation.

Brown is unable to find any precedent which supports such a position.  Essentially, with neither motion for protective order nor advancement of any argument in law which supports this stark departure from the plain language of the rules, eleven defendants have, in effect, simply chosen to "opt out" of the discovery process.

Additionally, such a plea from the official capacity defendants runs afoul of well established case law in this area. In *Crawford-El v. Britton,* a case which involved a federal court adopting special rules to shield official capacity defendants from the discovery requests of a litigious and outspoken prison inmate, the Supreme Court of the United States struck down special rules as applied in the case of these defendants, stating:

> To the extent that the Court of Appeals was concerned with preventing discovery, such questions are most frequently and effectively resolved by the rulemaking or legislative process. Moreover, the court's indirect effort to regulate discovery employs a blunt instrument with a high cost that also imposes a heightened

standard of proof at trial upon plaintiffs with bona fide constitutional claims. [] If there is a compelling need to frame new rules based on such a distinction, presumably Congress would have done so or will respond to it in future legislation."

*Crawford-El v. Britton*, 523 U.S. 574, 576

Brown's questions have been framed to ask the official capacity defendants for only such admissions, opinions, and information as is relevant to an understanding of this case and for such documents as they have power to control and command.  Brown's discovery seeks the opinion of the members of the governing bodies regarding the propriety and the constitutionality of what was done within the institutions they govern and oversee.

It is hard to imagine that any opinions could be more relevant than those of the Regents and the Chancellor in this regard.  As a collective, they have the power not only to explain, endorse, disclaim responsibility for, and speak with authority to the scope and propriety of the University System of Governance, but to modify or eliminate it as they see fit. Their opinions are the ultimate state authority regarding the State's position on what was done within the school of law, and as such, are extremely relevant.

It should also be noted that the Regents and the Chancellor have the power to order the production of any document in the possession of the University of Kansas and the University of Kansas School of Law.  Further, to the extent that the individual defendants retain or control these documents in their capacities as employees of those entities, the Regents and the Chancellor have a substantial degree of control in that regard as well.

There is no legally defensible basis for such complete failure to respond as has taken place here.

B. Complete Failure to Respond by the Kansas University School of Law

There has been no ruling by the court on Defendant the University of Kansas School of Law's motion for dismissal as of this date.  As such, the School of Law is still a party. Regardless, they have filed no separate response, but have treated their responses as subsumed within the responses provided by the University of Kansas, although the same questions address a substantially different scope when posed to the University of Kansas as opposed to the School of Law.  This is especially true with respect to questions regarding the history of disciplinary actions taken in the past and the nature of admissions policies.

A pending motion does not entitle a defendant to simply choose not to file responses. The University of Kansas School of law may properly seek by motion an expedited determination of the propriety of its inclusion as a party, or leave to delay response pending that determination.  But there is no lawful avenue by which they may simply decline entirely to respond.

C. Failure to Address Incomplete Responses to Answers

Brown has an absolute right to know whether or not there exists a good faith factual basis for the denials of the defendants.  Yet in more than one hundred answers to Brown's complaint involving the University's system of governance, various defendants answered "Denied as stated" or "Defendant denies this paragraph as stated."

By way of example, allegation 39 of Browns complaint states as follows:

The University Senate Code provides procedural due process guarantees for every member of the University Community who is involved in a grievance or dispute, including the right to a hearing before a disinterested panel, the right to be represented by an advisor or counsel, the right to a written statement of the complaint which indicates the provision or provisions of the University Rules and Regulations alleged to have been violated, the right to introduce into evidence all relevant testimony and documents, the right to a full examination of the evidence presented by the other parties, the opportunity to confront and cross-examine

9

witnesses, and the assurance that the hearing body shall base its recommendations solely on the evidence received at the hearing.  (U.S.C. Art. XIV, § 2).

(Doc. #1 ¶ 39)

Defendants Mazza, Agrawal, Rohleder-Sook, and McCray-Pearson all responded with "Denied as Stated", refusing to admit that any part of this allegation is true.   Yet even the most cursory investigation will show that, even conceding that there may be quibbles over semantics or punctuation, the great majority of the allegation is undeniably true.  By answering, as they have,  these defendants have represented and certified to this court that to the best of their knowledge and belief formed after reasonable inquiry, their denials to this allegation are warranted on the evidence.  Further, by their failure to admit that any part of the allegation is true, they represent that they have a good faith basis to deny it in its entirety - otherwise they would be required to admit the part that is true and deny the rest pursuant to Fed.R.Civ.P. 8(b)(4).

Brown then gave the defendants who had so answered these policy questions a chance to redeem themselves from a potential rule 11 violation by posing the following question in interrogatories:

> To the extent you have not already done so in your answers to Requests for Admissions from Plaintiff Brown, please indicate in detail your good faith factual basis for not admitting any Request for Admissions or any allegation in Plaintiff Brown's Complaint which you denied for any reason other than its complete and total untruth, or with respect to which you included the phrase "as stated" or other qualifying language in concert with your denial. If your qualified denial was intended to be a complete denial, please so state.

In each case, the interrogatory was objected to as overly broad, burdensome, and exceeding the bounds of discovery.  Essentially, Brown has asked the defendants on what they base their denial of the existence, validity, or applicability of policies which are potentially damning to their case, and they have refused to answer.  No question could land more squarely

within the bounds of discovery.  Further, assuming all defendants have properly followed Federal Rules 8 and 11, the interrogatory could and *must* be answered with one four word sentence – "All are complete denials".

Counsel for defendants has suggested that this issue may be dealt with at deposition. But any such solution will be an unnecessary exercise in repetition, performed more than one hundred times over, at the sole expense of plaintiff.    Further, plaintiff will not be deposing some of the defendants who have so answered.

While it is understandable that defendants would prefer to ignore the large body of documentation which defines the University's system of governance, the Federal Rules do not permit such recalcitrance in that regard.  This tactic causes unnecessary delay and needlessly increases the cost of litigation.  Plaintiff prays that the Court does not permit it to accomplish that end.

    D. Failure to Provide Requested Documents

Five defendants purported to provide responses to Brown's requests for Production of documents, rather than simply stating that they were shielded by official capacity or a previously filed but unadjudicated motion.  Those defendants are The University of Kansas, Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal.  Not a single document was provided pursuant to the sixty-five requests for production.

The following requests were produced and answered as shown, and Brown moves the court to compel with respect to each for the reasons stated in context below:

Request: All documents or ESI identified, referred to, or relied upon in your Answers to Interrogatories or Requests for admissions.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection, the request is overly broad, vague and ambiguous.**

**Comments:** It is not unreasonable ask defendants to produce documents which they relied on in formulating their own answers. Since the defendants themselves supplied the answers, it should not be a vague or overburdening endeavor to identify and reproduce the documents identified and relied upon.

Request: All documents or ESI expressly or implicitly referencing Robert M. Brown.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection, the request is overly broad, unduly burdensome, vague and ambiguous as to what is meant by "expressly or implicitly referencing Robert M. Brown."**

Request: All correspondence (including but not limited to emails, memoranda or letters) expressly or implicitly referencing Robert M. Brown by or between you or any of your agents or employees, and:

a.      Robert M. Brown;

b.      Any third party other than Sara Trower;

c.      Any employee or agent of the office of the provost or any subordinate office of the provost;

d.      Any employee or agent of the office of the chancellor or any subordinate office of the chancellor;

e.      Any member or agent of any member of the Kansas Board of Regents;

f.      Any investigative agency;

12

g.     Any law enforcement agency;

h.     Any member of the community at large, and;

i.     Any other person.

This includes but is not limited to any internal emails commenting on or forwarding email correspondence from Robert Brown, and includes correspondence for any purpose whatsoever involving, regarding or having to do with Plaintiff Brown whether related to subject matter within Brown's complaint or not.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection, the request is overly broad, unduly burdensome, vague and ambiguous as to what is meant by "expressly or implicitly referencing Robert M. Brown."**

**Comments:** This request targets documents which may reveal the personal thoughts and motivations of defendants and other school personnel towards Brown. Plaintiff Brown anticipates that if it were actually produced, it would result in both unfavorable and favorable comments.  Both are relevant to this litigation.  The torts of abuse of process and civil conspiracy are alleged within Brown's complaint. Abuse of process places the issue of state of mind squarely at issue.  Any documents that demonstrate interaction between the defendants to achieve a common goal is relevant to the proof of civil conspiracy.  Positive comments will provide evidence that Brown's potential was not truly considered before taking this action.

Request: All policies, manuals, university codes, regents rules, strategic initiatives, and other written material of any nature whatsoever upon which the decision to dismiss

Plaintiff Brown without further due process was based, or by which you or any other defendant has suggested or intend to suggest such action was justified.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection, the request for "all" items listed is overly broad, unduly burdensome, vague and ambiguous.**

**Comments:** Defendants' objection ignores the qualification of the request which limits it to materials upon which the decision to dismiss Brown was based. The information sought is clearly relevant to prove whether there was or was not a secular purpose for Brown's dismissal.

Request: All policies, manuals, university codes, regents rules, strategic initiatives, and other written or otherwise recorded or memorialized material of any nature whatsoever which constitute or could be construed to constitute an admissions policy, guideline, charge, initiative, directive, custom, or instruction with respect to the University of Kansas School of Law, including any emails from any person containing opinions, instructions, suggestions or directives regarding admissions to the School of Law.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection, the request for "all" items listed is overly broad, unduly burdensome, vague and ambiguous.**

**Comments:** The information sought is relevant to prove whether there was or was not a secular purpose for Brown's dismissal. Further, Defendants claim to have dismissed Brown based upon policies formulated by the Faculty Senate pursuant to F.S.R.R. 2.1.1 but has never provided a copy of those, or any other admissions

policies for the school of law to Brown.  Surely, plaintiff is entitled to know what the School's admissions policies are.

Request: All photographs, audio recordings, transcripts, video recordings, and handouts accompanying presentations by any speakers, including defendants, made to or involving the entering law school class during the semesters which include Fall of 2009 and Spring of 2010.

**Made to Defendants:**  K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer:  **Objection. The request is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and vague and ambiguous as to what is being requested.**

**Comments:**  Defendant Rohleder-Sook, Carol Green, and many other professionals made speeches to Brown's entering class, at which he was present, in which they suggested willingness to work with amending applicants and stated that the thrust was to help the students avoid difficulties when it was time to take the bar.  Any copies of these speeches are enormously relevant.

Request: All photographs, audio recordings, video recordings, and related transcripts for speeches prepared or given by any defendant to any group for the furtherance of a not for profit purpose, including but not limited to speeches given as part of the Jana Mackey distinguished lecture series during the three year period ending on June 1st, 2010.

**Made to Defendants:**  K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection. The request is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Comments:**  This is relevant to prove that defendants were active in causes which were centered around domestic violence.

Request: A detailed log of your involvement, attendance and participation with regard to the Jana Mackey distinguished lecture series.

**Made to Defendants:**  K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection. The request is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Comments:**  This is relevant to prove that defendants were active in causes which were centered around domestic violence.  This would verify representations already made to Brown that he was dismissed because of the view of the decision makers regarding domestic violence, and would speak to the unavailability of an impartial decision maker for due process purposes.

Request: All documents which provide information regarding Robert M. Brown's class rank during his matriculation at the University of Kansas School of Law.

**Made to Defendants:**  K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer:  **Objection. Without waiving the objections, plaintiff will be provided with a copy of his transcript.**

**Comments:**  This is relevant to prove that Brown was in the top half of his class and was not dismissed for any sort of academic failure.

Request: All documents, properly redacted to delete identifying information, regarding amended applications to the University of Kansas School of Law for the five year period ending on June 1st, 2010 and related or resulting investigations, disciplinary actions, or other consequences arising from or related to such amendments.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection. The request is overly broad, unduly burdensome, harassing, not reasonably calculated to lead to discovery of admissible evidence, and invades the privacy and confidentiality of the student records of the individual students.**

**Comments:**  The request by its explicit wording concedes that confidential student identifying information should be redacted.  The information sought is necessary to prove that Brown has been singled out and treated differently than any other applicant in the history of the School of law.  (See, e.g. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, Fn 10 (1973); finding error where the trial court denied requests for discovery of statistical materials which may have been relevant to the claim of disparate and arbitrary treatment.)

Request: The personnel files for each of the individual defendants, including any documentation regarding prior complaints or reprimands against any defendant and resultant sanctions, discipline or corrective action.

**Made to Defendants:** K.U., Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal

Answer: **Objection. The request is overly broad, burdensome, harassing, and**

**not reasonably calculated to lead to discovery of admissible evidence.**

**Comments:** One of the allegations in the complaint is Gross Negligence. State of mind is also directly at issue. Surely, the plaintiff is entitled to know of both the qualifications and the nature of the prior acts of the defendants as Employees of the University of Kansas and the University of Kansas School of Law.


E. Improper Objections Based upon Application of Opinions to Fact, Application of Law to Fact, and the requirement for a legal conclusion

Defendants The University of Kansas, Mazza, McCray-Pearson, Rohleder-Sook, and Agrawal also purported to provide responses to Brown's requests for admissions and interrogatories. Almost every request for admissions and a great many of the interrogatories were objected to based upon calling for opinion or a legal conclusion.

Such requests have not been improper since the rules were amended in 1970 to specifically allow application of opinion and facts to law. Interrogatories are not objectionable merely because the request the application of opinion to fact or the application of law to fact. Fed.R.Civ.P. 33(a)(2). Similarly, a request for admissions may seek the truth of any matter relating to "facts, the application of law to fact, or opinions about either". Fed.R.Civ.P. 36(a)(1). The 1970 amendments to the rules have made express changes in order to make clear that both application of opinion to fact and application of law to fact are fully permissible within both interrogatories and requests for admissions. Of special importance is the commentary from the 1970 changes to Rule 33, which states that "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."

Over the course of three different meetings and subsequent phone calls, it has become clear that defendants feel requests and interrogatories which ask for application of opinion or law to facts are considered improper by defendants, and will not be answered on that basis alone.

Despite the divergence from the rules this position embodies, it is further complicated by the fact that several of the defendants have objected to questions regarding the University System of Governance by saying that these questions call for a legal conclusion, notwithstanding the plain fact that the policies embodied within the University System of Governance are not laws. Further, each and all of the defendants who object upon the basis of the requirement of a legal conclusion are degreed and credentialed legal experts – some of them actually training tomorrow's experts.

## CONCLUSION

For the foregoing reasons, plaintiff Brown respectfully requests relief as follows:

That defendants Gray-Little, Boettcher, Downey-Schmidt, Edwardsin, Emert, Hedges, Lykins, McKechnie, Perkins, Sherrer, Tompkins, and the University of Kansas School of Law be ordered to cure their failure to respond to proper discovery requests pursuant to Fed.R.Civ.P. Rule 37(a)(4).

That all defendants who have provided denials with "As Stated" qualifications with respect to Brown's initial complaint be compelled to provide answers with respect the following interrogatory, as properly propounded to them by Brown in discovery:

> To the extent you have not already done so in your answers to Requests for Admissions from Plaintiff Brown, please indicate in detail your good faith factual basis for not admitting any Request for Admissions or any allegation in Plaintiff Brown's Complaint which you denied for any reason other than its complete and total untruth, or with respect to which you included the phrase "as stated" or other qualifying language in concert with your denial. If your qualified denial was intended to be a complete denial, please so state.

That defendants Mazza, Rohleder-Sook, McCray-Pearson, Agrawal, and the University of Kansas be ordered to produce the documents requested within the Requests for Production listed above, as properly propounded to them by Brown in discovery.

That all defendants in this case be directed  that they may not object to interrogatories and requests for admissions on the basis of calling for a legal conclusion, application of opinion to fact, or application of law to fact, that they be directed to provide answers to Brown's requests for admissions and interrogatories irrespective of their belief that such questions are improper, and that they be directed to provide a good faith basis for refusal to answer requests for admissions and interrogatories to which they still object and refuse to answer in light of that direction.

That a privilege log be provided for all redacted documents already produced and to be produced in the future.

That all defendants other than Rohleder-Sook be directed to provide sworn signatures forthwith for answers already submitted, and concurrently with future answers.

For Plaintiff's time and expense incurred in prosecuting this motion and for such other and further relief as the Court deems just.

Respectfully submitted,

Robert M. Brown


By:      /s/ Robert M. Brown_____
          Robert M. Brown, *Pro Se*
          6200 W 74th Street
          Overland Park, KS  66204
          816-721-4512
          866-610-4630 (fax)
          bbrown@netstandard.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of November, 2011, the above and foregoing was electronically filed with the United States District Court for the District of Kansas using the CM/ECF system, which caused notification to be sent to the following:

Sara L. Trower, Esq.
Associate General Counsel and Special
Assistant Attorney General
Room 245, Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel: (785) 864-3276
Fax: (785) 864-4617
Email: strower@ku.edu

*Attorney for Defendant University of Kansas*
*School of Law*

/s/ Robert M. Brown_____
Robert M. Brown, *Pro Se*