**IN THE UNITED STATES DISTICT COURT**
**FOR THE DISTICT OF KANSAS**

| | | |
|---|---|---|
| **Robert M. Brown,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  10-CV-2606 WEB/KGG** |
| **v.** | ) | |
| | ) | *Electronically served on 09/05/2011* |
| **The University of Kansas, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**PLAINTIFF ROBERT M. BROWN'S FIRST REQUEST FOR FOR PRODUCTION OF DOCUMENTS TO DEFENDANT «Name»**

Plaintiff Robert M. Brown, *Pro Se*, pursuant to F.R.C.P. 34, submits the following requests for production of documents to the above named defendant, to be produced at the address of the undersigned within thirty (30) days after service hereof.

**INSTRUCTIONS**

(1)     Unless otherwise stated, each request to produce encompasses the period of time from the date Defendant first received or generated a document that satisfies the request and continuing to the date of production.

(2)     Each request seeks information within Defendant's possession, custody, or control.   Consistent with the Federal Rules of Civil Procedure, you must produce this information even if it is not within your immediate physical possession.  If any request seeks documents that at one time were, but no longer are, in Defendant's possession, custody, or control, Defendant's is requested to state the disposition of those documents and their current location to the best of its ability.

(3)     If you believe that any of the following requests calls for an assertion of a claim of privilege, produce so much of the request as is not objected to, state that part of each

2746456.01

request to which you raise objection, and set forth with specificity the basis for your claim of privilege with respect to the documents you refuse to produce.

(4)     If, for reasons other than a claim of privilege, you refuse to produce documents in response to any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

(5)     For any document called for by these requests that is withheld by Defendant pursuant to the claim of work-product or attorney-client privilege, Defendant is requested to prepare a "privilege log" listing the following information for each such document:

The paragraph or subparagraph to which the document is responsive;

b.      The title or general subject matter of the document;

c.      The type of document (e.g., letter, memorandum, note, report, etc.);

d.      The date of the document;

e.      The name of the author of the document;

f.      The person(s) for whom the document was prepared, to whom it was sent, or who received copies; and

g.      The nature of and the basis of the claim of privilege.

(6)     With respect to emails and other ESI, it is requested that such documents be provided in electronic format, including envelope information, except to the extent that they are substantially exact copies of documents already provided by Plaintiff Brown.

(7)     These requests are continuing.  If any document called for by any request hereinafter set forth should later come into your possession, custody, or control, it should be promptly produced in accordance with these requests.

(8)     If you do not agree with any definition of the terms in the Definitions section below, you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

(9)     In order to bring within the scope of these requests all information and documentation which might otherwise be construed to be outside their scope:

The singular of each word shall be construed to include its plural and vice versa;

h.      "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

i.      "Each" shall be construed to include "every" and vice versa;

j.      "Any" shall be construed to include "all" and vice versa;

k.      The present tense shall be construed to include the past tense and vice versa;

l.      The masculine shall be construed to include the feminine and vice versa.

(10)     Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular request or that a particular request may incorporate supplemental instructions or definitions.  If, however, you provided any alternate definitions in accordance with Instruction No. 8, indicate whether, and how, this alternate definition would affect your production of documents.

## **DEFINITIONS**

(1)     The term "Defendant", "you," and "your," refers to, and any of your predecessors, related entities, employees, officers, agents, contractors, and (any entity which you, or a body of which you are a member, governs or controls).

(2)    The term "document" means but shall not be limited to, correspondence, financial records, corporate records and reports (all as defined below) and, in addition, writings, graphic matters, or other media upon which intelligence or information is recorded or placed (including e-mail), notes, interoffice and intra office communications, written communications, circulars, announcements, directories, declarations, evaluations, filings, agreements, contracts, subcontracts, legal instruments, work papers, work orders, work authorizations, process sheets, records, instructions, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, motion pictures, videotapes, records, published or unpublished speeches or articles, press releases, newspapers, magazines, books, publications, transcripts of telephone conversations, sound recordings, electronic computer messages or memoranda, and any other recorded or retrievable information or data (whether on cards, taped, punched or coded, electrostatically, electromagnetically, on computer or otherwise), and any identical or nonidentical copy of any of the foregoing, whether a draft or a final version, whether or not different from the original because of any alteration, notices, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, and whether or not sent to or received by any person.

(3)    The terms "person" or "persons" mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form or organization or legal entity, and all their officials, directors, officers, employees, representatives and agents.

(4)     The term "correspondence" means, but shall not be limited to, any letter, e-mail,  telegram, telex, TWX, notice, message, memorandum or other written communication or transcription of notes of a communication.

(5)     The term "report" means, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum, or statistical or financial compilation of information, including without limitation periodic reports of financial condition and reports of examination.

(6)     The term "communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, e-mail, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

(7)     The term "file" means any collection, group or series, formal or informal, of documents, composite, records, reports, communication, correspondence or financial records maintained by or within the control of Defendant in or on any form or media whatsoever.

(8)     The terms "regarding," relate(s) to," or "relating to" mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

1.    All documents or ESI identified, referred to, or relied upon in your Answers to Interrogatories or Requests for admissions.

2.    All documents or ESI expressly or implicitly referencing Robert M. Brown.

3.    All correspondence (including but not limited to emails, memoranda or letters) expressly or implicitly referencing Robert M. Brown by or between you or any of your agents or employees, and:

        a.    Robert M. Brown;

        b.    Any third party other than Sara Trower;

        c.    Any employee or agent of the office of the provost or any subordinate office of the provost;

        d.    Any employee or agent of the office of the chancellor or any subordinate office of the chancellor;

        e.    Any member or agent of any member of the Kansas Board of Regents;

        f.    Any investigative agency;

        g.    Any law enforcement agency;

        h.    Any member of the community at large, and;

        i.    Any other person.

This includes but is not limited to any internal emails commenting on or forwarding email correspondence from Robert Brown, and includes correspondence for any purpose whatsoever involving, regarding or having to do with Plaintiff Brown whether related to subject matter within Brown's complaint or not.

4.    All policies, manuals, university codes, regents rules, strategic initiatives, and other written material of any nature whatsoever upon which the decision to dismiss Plaintiff Brown without further due process was based, or by which you or any other defendant has suggested or intend to suggest such action was justified.

5.   All policies, manuals, university codes, regents rules, strategic initiatives, and other written or otherwise recorded or memorialized material of any nature whatsoever which constitute or could be construed to constitute an admissions policy, guideline, charge, initiative, directive, custom, or instruction with respect to the University of Kansas School of Law, including any emails from any person containing opinions, instructions, suggestions or directives regarding admissions to the School of Law.

6.   The complete file of Robert M Brown, regardless of subject matter.

7.   All photographs, audio recordings, transcripts, video recordings, and handouts accompanying presentations by any speakers, including defendants, made to or involving the entering law school class during the semesters which include Fall of 2009 and Spring of 2010.

8.   All photographs, audio recordings, video recordings, and related transcripts for speeches prepared or given by any defendant to any group for the furtherance of a not for profit purpose, including but not limited to speeches given as part of the Jana Mackey distinguished lecture series during the three year period ending on June 1st, 2010.

9.   A detailed log of your involvement, attendance and participation with regard to the Jana Mackey distinguished lecture series.

10.  All documents which provide information regarding Robert M. Brown's class rank during his matriculation at the University of Kansas School of Law.

11.  All documents, properly redacted to delete identifying information, regarding amended applications to the University of Kansas School of Law for the five year period ending on June 1st, 2010 and related or resulting investigations, disciplinary actions, or other consequences arising from or related to such amendments.

12. The personnel files for each of the individual defendants, including any documentation regarding prior complaints or reprimands against any defendant and resultant sanctions, discipline or corrective action.

13. All documents tending to prove or disprove any matter you consider relevant in this lawsuit.

Respectfully submitted,

**ROBERT M. BROWN**

/s Robert M. Brown
Robert M. Brown, *Pro Se* Litigant
6200 W. 74th Street
Overland Park, KS 66204
Phone:  (913) 384-3269
Cell: (816) 721-4512
Fax:  (866) 610-4630
Email:  bbrown@netstandard.net
**PLAINTIFF** *Pro Se*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of September, 2011, the original of the foregoing was served via electronic mail to the following:


Sara L. Trower
Counsel for defendant «LowerName»
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS  66045
Tel:  (785) 864-3276
Fax: (785) 864-4617
E-mail: strower@ku.edu


/s Robert M. Brown
**ROBERT M. BROWN**