IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

ROBERT M. BROWN,                    )
                                    )
              Plaintiff,            )
                                    )
      v.                            )          Case No.10-2606 -WEB
                                    )
THE UNIVERSITY OF KANSAS, et. al.,) 
                                    )
              Defendant.            )

## **Memorandum and Order**

Defendant University of Kansas School of Law has filed a motion to dismiss (Doc. 25) plaintiff's complaint against it, arguing that the School of Law is not a person or separate legal entity with capacity to sue or be sued.  Plaintiff has filed a response (Doc. 26) arguing that Kansas courts have recognized exceptions to the general rule when necessary for injunctive or equitable relief.  Defendant has filed a reply (Doc. 29).  The matter is now ripe and the court is prepared to rule.  For the reasons set forth herein, the School of Law's motion is granted.

Rule 17(b), Fed.R.Civ.P., addresses capacity to sue or be sued, and provides: Capacity to sue or be sued is determined as follows:

> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located. . . .

Under Federal Rule of Civil Procedure 17(b)(3), the question of whether the

School of Law has the capacity to be sued is determined by Kansas law.  In Kansas, subordinate government agencies or units, in the absence of statutory authorization, do not have the capacity to sue or be sued. *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985).  This Court has recognized this rule and applied it by dismissing subordinate state agencies that lacked statutory authority granting them capacity for suit*. Mason v. Twenty-Sixth Judicial District of Kansas*, 670 F.Supp. 1528, 1535 (D.Kan. 1987) (Plaintiff should have brought action against State of Kansas in the absence of statutory authority granting the Judiciary or the Judicial District of Kansas capacity to sue or be sued.).  *See also, Stambaug v. Kan. Dep't of Corr.*, 844 F.Supp. 1431, 1434 (D.Kan. 1994) (granting leave to amend Title VII complaint to add State of Kansas where plaintiff named only Kansas Department of Corrections, which was an agency lacking the capacity to sue or be sued.); *Whayne v. State of Kansas*, 980 F.Supp. 387, 392 (1997) (Topeka Police Department is a subunit of city government and, therefore, is not a governmental entity subject to suit. *Citing Baker v. Colo. Springs Police Dept.*, 42 F.3d 1406, 1994 WL 673070 (10th Cir. 1994).); *Wright v. Wyandotte County Sheriff's Dept.*, 963 F.Supp. 1029, 1034 (D.Kan. 1997) (Sheriff's Department is subunit of the County and is not itself capable of being sued.).

Kansas statute recognizes the University of Kansas as a state educational institution. *See* K.S.A. § 76-711. As a state educational institution, the University of Kansas has been granted specific statutory authority to sue and be sued. *See* K.S.A. § 76-713. The School of Law, however, is a subordinate academic unit within the

2

University of Kansas, and there is no statutory recognition of it or statutory authority for it to sue or be sued.

The University of Kansas School of Law, much like the entities in the above cases, is a subordinate unit and is not itself capable of being sued.  Therefore, the School of Law is dismissed for lack of capacity for suit.  In fact, in this case, plaintiff has pled that defendant School of Law is a "public School of Law within the University of Kansas." Doc. 1, ¶ 12. Plaintiff's pleading even seems to characterize the School of Law as a subordinate academic unit within the University of Kansas rather than a separate and distinct entity.

The plaintiff makes a compelling argument that courts have made an exception to the general rule requiring such capacity by allowing the inclusion of subordinate governmental units when both the subordinate governmental unit and the parent entity are sued in concert (*see e.g., Mid. Am. Credit Union v. Bd. of County Comm'rs of Sedgwick County,* 806 P.2d 479, 484-485 (Kan.App. 1991).  Plaintiff relies on *Corder v. Kansas Bd. of Healing Arts* to argue that "[e]xcept for damages or compensation, which may only be awarded when expressly authorized by another specific agency enabling act provision, the court *may* grant any other appropriate relief in virtually all forms conceptually available, including mandatory or injunctive relief, declaratory, preliminary or final relief, equitable or legal relief." 889 P.2d 1127, 1144 (Kan. 1994)(citations omitted, emphasis added).  Essentially, Plaintiff's argument concedes that money damages cannot be granted against the School of Law.  However, Plaintiff argues that despite the fact that the School

3

of Law is a subordinate unit, equitable damages could be awarded.  Plaintiff argues that such equitable damages and injunctive relief are warranted in this case.

The court finds that in the case at hand, the inclusion of the School of Law is unnecessary.  Any equitable relief to which the plaintiff is entitled can be obtained by the inclusion of the parent entity–the University of Kansas–in the lawsuit.  The inclusion of the subordinate unit–the School of Law–is discretionary, at best, and unnecessary.

For all of the aforementioned reasons, the University of Kansas School of Law is not a separate legal entity with capacity to sue or be sued under the law.  Defendant University of Kansas School of Law's Motion to Dismiss for Lack of Capacity for Suit (Doc. 25) is GRANTED.


IT IS SO ORDERED this 6th day of January, 2012 in Wichita Kansas.



Wesley E. Brown
U.S. Senior District Judge

4