## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT M. BROWN,       )
                   )
         Plaintiff,   )
                   )
v.                  )    Case No. 10-2606-EFM-KGG
                   )
UNIVERSITY OF KANSAS, *et al.,*  )
                   )
        Defendants. )
                   )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Motion to Compel Discovery." (Doc. 51.) For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## FACTS

The facts of this case were summarized in the Court's previous Order (Doc. 23) of May 4, 2011, granting Defendants' Motion for Leave to File Out of Time (Doc. 12). Those facts are incorporated herein by reference, although certain facts will be repeated here for the sake of clarity.

Plaintiff filed his Complaint on November 9, 2010, against numerous Defendants, alleging various claims relating to his dismissal from Defendant Law School, including deprivation of due process and disparate treatment as well as

claims for certain injunctive relief.  (Doc. 1.)  Defendant Law School was served

with process via U.S. Certified Mail on November 10, 2010, but, do to a clerical

error, failed to timely answer or otherwise plead by the deadline of December 1,

2010.  (Doc. 12, at 1-2.)  By order from this Court, Defendant Law School was

allowed to file its Answer and Motion to Dismiss out-of-time.

Defendant Law School filed its Motion to Dismiss on May 4, 2011.  (Doc.

25.)  In that motion, Defendant argued that it was not an independent entity from

Defendant University and thus lacked the capacity to be sued.  The District Court

granted the Motion to Dismiss on January 6, 2012, removing Defendant Law

School as a party to this action.  (Doc. 69.)

Prior to the Law School being dismissed, Plaintiff served various sets of

discovery to all of the Defendants in this case, encompassing Interrogatories,

Requests for Admissions, and Requests for Production of Documents.  (*See* Docs.

45, 46; *see also* Doc. 65-1 through Doc. 65-18.)  Included therein were separate

sets of discovery requests served on certain Defendants who have been sued solely

in their official capacities.[1]  (*See id*.)  Defendants have responded to the discovery

---

[1] These individuals sued in their official capacities will be collectively referred to
as the "Official Capacity Defendants":  Andy Tompkins, Gary Sherrer, Ed McKechnie,
Jarold Boettcher, Christine Downey-Schmidt, Mildred Edwards, Tim Emert, Richard
Hedges, Dan Lykins, Janie Perkins, and Bernadette Gray-Little.  (*See* Doc. 51, at 7.)

requests, often providing only objections without substantive information.  (*See generally* Doc. 51.)  These objections form the basis of Plaintiff's motion and are discussed in turn below.

## DISCUSSION

**A.     Discovery Standards**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way,

"discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." ***Gheesling v. Chater***, 162 F.R.D. 649, 650 (D. Kan. 1995). "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, n.36 (D.Kan. 2004) (*citing* ***Hammond v. Lowe's Home Ctrs., Inc.***, 216 F.R.D. 666, 670 (D.Kan.2003)). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino***, 221 F.R.D. at 670-71 (internal citation omitted).

**B.    Failure to Respond by "Official Capacity" Defendants**.

The first issue raised in Plaintiff's motion to compel is in regard to discovery requests he served on the Defendants who were sued in their official capacities. According to Plaintiff,

> [e]ach discovery document served upon [the Official
> Capacity Defendants] was answered with the basic
> statement that the defendant objected to the Requests in
> that the Defendant had been named only in his or her
> official capacity, not as an individual, and that therefore,
> the requests were overly broad, unduly burdensome,
> harassing and not reasonably calculated to lead to the
> discovery of admissible evidence with respect to any
> claim or defense asserted in this litigation.

(Doc. 51, at 7.)  Plaintiff contends that he has been "unable to find any precedent

which supports such a position."  (*Id.*)

In their responsive brief, Defendants do not address the issue of whether the

Defendants sued solely in their official capacities are required to respond to

discovery.  (*See generally*, Doc. 61.)  Rather, they rely on the argument that

because Plaintiff failed to "attach the subject discovery responses he challenges" as

exhibits to his motion, only those discovery requests specifically "incorporate[d]

into the body of his motion" are properly at issue before the Court.  (*Id.*, at 12-13.)

Plaintiff has submitted the discovery requests at issue as exhibits to his reply

brief (*see* Docs. 65-1 - 65-18).  Plaintiff has not, however, submitted the actual

discovery *responses* from the Official Capacity Defendants (or any other

Defendants), either in their entirety as exhibits or as quoted excerpts in either of his

briefs (*see* Docs. 51, 65; *see also* D. Kan. Rule 37.1).

The Court acknowledges Defendants' reliance on D. Kan. Rule 37.1, which

provides that motions directed at discovery or responses thereto, "must be accompanied by . . . the portions of the interrogatories, requests or responses in dispute." Technically, however, this section of Plaintiff's motion does not relate to "portions" of the Official Capacity Defendants' discovery responses (as referenced in Rule 37.1). Rather, this particular issue would appear to encompass the responses of the Official Capacity Defendants in their entirely as they apparently provided no substantive discovery responses beyond the general "official capacity" objection. (Doc. 51, at 7.) Defendants do not dispute this in their responsive brief. (*See generally*, Doc. 61.)

The Court finds this objection to be improper under the present circumstances. Discovery requests made to the Official Capacity Defendants must, at a minimum, be considered requests made of the entity the individual Defendants represent in their official capacities – in this case the Kansas Board of Regents (as to Defendants Andy Tompkins, Gary Sherrer, Ed McKechnie, Jarold Boettcher, Christine Downey-Schmidt, Mildred Edwards, Tim Emert, Richard Hedges, Dan Lykins, and Janie Perkins) and the University of Kansas (as to Defendant Bernadette Gray-Little, Chancellor of the University of Kansas). Defendant has cited, and the Court has found, no authority supporting the claim that official-capacity defendants cannot be served with separate discovery requests. To the

extent Defendants have objected to the discovery requests on this basis, this objection is **overruled**.

**C.     Failure to Respond by University of Kansas School of Law**.

Plaintiff objected that Defendant Law School treated its discovery responses "as subsumed within the responses by the University of Kansas" even though the District Court had not ruled on Defendant Law School's motion to dismiss as of the time Plaintiff filed the present motion. (Doc. 51, at 9.) Defendants argued that the Law School "is a subordinate academic unit within the University of Kansas" with "no independent legal status separate and apart from" the University. (Doc. 61, at 13.) As such, Defendants contend that the discovery propounded on the Law School was "duplicative," served no legitimate purpose, and "is all the more unreasonable given the School of Law's pending Motion to Dismiss." (*Id.*, at 14.)

Plaintiff argues that "[a] pending [dispositive] motion does not entitle a defendant to simply choose not to file responses [to discovery requests]." (Doc. 51, at 9.) The Court agrees. There was no stay placed on discovery in this case in conjunction with Defendant Law School's motion to dismiss. As such, it was improper and unreasonable for Defendant Law School to refuse to respond to discovery on this basis.

Since the filing of Plaintiff's motion, however, the District Court entered an

Order granting Defendant Law School's motion to dismiss.  (Doc. 69.)  As such, this portion of Plaintiff's motion to compel is **DENIED as moot**.

**D.    Responses to Specific Discovery Requests Identified**.

     **1.    Factual basis for not admitting Requests for Admission or allegations in Complaint (Interrogatory No. 3)**.

This interrogatory asked each of the Defendants to state in detail the "good faith factual basis for not admitting any Request for Admissions . . . or any other allegation in Plaintiff Brown's Complaint which you denied for any reason other than its complete and total untruth . . . ."  (Doc. 51, at 10.)  Defendants' response to the interrogatory was in the form of an objection, without further explanation, that the discovery request was "overly broad, burdensome, and harassing and exceeds the bounds of discovery."  (Doc. 61, at 15.)

In their responsive brief, Defendants argue that Plaintiff has "failed to articulate how the propounded interrogatory is relevant" or how the information sought would "materially advance any claim or defense asserted in this litigation." (Doc. 61, at 15.)  This argument incorrectly places the burden on Plaintiff to prove the relevance of his discovery requests.  Because Interrogatory No. 3 is relevant on its face – it relates to the denial of specific allegations contained in Plaintiff's Complaint – the Court finds Defendants' response to encompass the type of "conclusory or boilerplate objections" that are looked at with disfavor by the courts

8

of this District.  *See Gheesling*, 162 F.R.D. at 650.  The relevant portion of
Defendants' responsive brief merely focuses on Plaintiff's alleged failure to
establish the relevance of the interrogatory, when Defendants should have been
explaining why their objections were appropriate.  (*See* Doc. 61, at 14-15.)  As
such, Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 3.

> **2.      Documents identified in, or relied upon in responding to,
> discovery (RFP No. 1)**.

Request for Production Nos. 1 seeks "[a]ll documents or ESI identified" in
response to Interrogatories or Requests for Admission.  Defendants responded in
the form of an objection that "the request is overly broad, vague and ambiguous."
(Doc. 61, at 16.)

Defendants' brief begins by criticizing Plaintiff's use of "the omnibus term
'all,' which has been recognized as making unduly arduous the task of trying to
discern which of many documents may conceivably fall within the scope of the
request."  (*Id*., citing *Audiotext Commun. Network, Inc. v. U.S. Telecom, Inc.*,
No. 94-2395-GTV, 1995 WL 625962, at *6 (D.Kan. Oct. 5, 1995).  The Court is
confused by Defendants' reliance on *Audiotext* as that opinion specifically held
that the discovery requests at issue therein – which sought "all documents" relating
to certain categories of information – were "reasonably precise" and were not
objectionable.  *Id*.

9

Further, Defendants seem to argue that Plaintiff's document request is somehow overly broad and unduly burdensome merely because Defendants allege to have provided "the entirety of the files relating to the University's actions in regard to [Plaintiff's] dismissal from the School of Law."  (*See* Doc. 61, at 16-17.) To the extent Defendants are advancing this argument, it is improper.  While it may be an appropriate *answer* to a discovery request that any responsive documents have been produced, it is not an appropriate *objection*.

Finally, based on the portions of Defendants' discovery responses quoted in the parties' briefs, Defendants did not raise any objection to the use of the term "all" in their actual responses to any of Plaintiff's discovery requests.  Therefore, any such objection raised for the first time in Defendants' responsive brief was previously waived and will not be considered by the Court in the context of this motion.  Defendants' objection to the term "all" in the context of Requests Nos. 1 is **overruled**.  Plaintiff's motion is **GRANTED** in regard to Request No. 1.

### 3.     Documents referencing Plaintiff (RFP Nos. 2 and 3).

Requests for Production Nos. 2 and 3 generally seek "[a]ll documents or ESI expressly or implicitly referencing" Plaintiff.  Defendants discovery responses were again in the form of objections, this time that the requests were "overly broad, unduly burdensome, vague and ambiguous as to what is meant by 'expressly or

implicitly referencing'" Plaintiff.[2]  (*See* Doc. 61, at 16, 17.)  The Court does not

agree.  Rather, the Court finds that the meaning of the phrase "expressly or

implicitly referencing" can be easily ascertained by employing the generally

accepted meaning of these words within the context of these discovery requests.

Defendant's objection is, therefore, **overruled**.  Plaintiff's motion is **GRANTED**

in regard to Requests for Production Nos. 2 and 3.

      **4.**      **University policies and manuals (RFP Nos. 4 and 5)**.

Defendants again object that these requests seek "all" such documents,

which they contend makes the requests "overly broad, unduly burdensome, vague

and ambiguous."  (Doc. 61, at 18.)  As stated previously, Defendants' argument

regarding the use of the term "all" is misplaced.  Plaintiff has adequately qualified

his request by limiting the request for "all" such documents to those categories

relating to Plaintiff's dismissal (Request No. 4) and law school admissions policies

(Request No. 5).  Defendants' objections are **overruled**.  Plaintiff's motion is

**GRANTED** in regard to Requests Nos. 4 and 5.

      **5.**      **Presentations to entering law school classes (RFP No. 7)**.

---

[2] To the extent Defendants object regarding Plaintiff's use of the phrase "all," such objection is **overruled** for the same reasons set forth in section D.2., *supra*.  The same is true for Defendants' objection that it has already produced the entirety of the files regarding Plaintiff's dismissal.

Without explaining the basis for their objections, Defendants merely argue that Plaintiff's motion fails to articulate how the request is relevant to the claims or defenses in this case.[3] (Doc. 61, at 19.)  The Court does not agree.  Plaintiff specifically referenced "speeches to [his] entering class, at which he was present, in which they suggested willingness to work with amending applicants and stated that the thrust was to help the students avoid difficulties when it was time to take the bar." (Doc. 51, at 15.)  The Court finds this request to meet the low threshold of discovery relevance.  As such, Defendants have failed to "specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how [this] request for production . . . is objectionable."  *Sonnino*, 221 F.R.D. at 670-71 (internal citation omitted). Plaintiff's motion is **GRANTED** in regard to Request No. 7.

### 6. Documents relating to the "Jana Mackey" distinguished lecture series (RFP Nos. 8 and 9).

Plaintiff contends these requests seek relevant information because it would "prove defendants were active in causes which were centered around domestic violence" and, therefore, unable to serve as an "impartial decision maker for due process purposes" given the subject matter of the criminal charges he withheld

---

[3] To the extent Defendants object regarding Plaintiff's use of the phrase "all," such objection is **overruled** for the same reasons set forth in section D.2., *supra*.

from his law school application.  (Doc. 51, at 16.)  The Court finds these requests
to strain the boundaries of discovery relevance.  Plaintiff's motion is **DENIED** in
regard to Requests Nos. 8 and 9.

> **7.      Documents regarding Plaintiff's class rank (RFP No. 10)**.

Defendants did not address this request in their responsive brief.  As such,
any objections are waived and Plaintiff's motion is **GRANTED** in regard to
Request No. 10.  Defendants previously agreed to provide Plaintiff with a copy of
his transcript.  (Doc. 51, at 16.)  To the extent any other responsive documents
exist, the same should be produced as well.

> **8.      Documents relating to other amended law school applications and
> resulting investigations/disciplinary actions (RFP No. 11)**.

Defendants object to this discovery request contending that it is "overly
broad, unduly burdensome, not reasonably calculated to lead to the discovery of
admissible evidence, and invades the privacy and confidentiality of the student
records of the individual students."  (Doc. 61, at 20.)  Unfortunately, Defendants
make no effort to explain how the request is overly broad or unduly burdensome.
As such, these objections are **overruled** on their face.  As for Defendants'
argument that the documents would invade the privacy and confidentiality of the
other relevant students, this does not make the documents privileged from

discovery.  Further, Plaintiff's document request sought redacted documents, which – along with an appropriate protective order – should alleviate any privacy issues.  This leaves the issue of relevancy.

Plaintiff's Complaint specifically includes a claim that Plaintiff suffered disparate treatment as compared to all other "amending applicants."  (*See* Doc. 1, at 31-32.)  More specifically, he alleges that he "is the first Law Student in the history of the School of Law to be permanently removed after coming forward and amending" his application for admission.  (*Id*.)  Thus, the document request at issue, on its face, meets the low threshold of discovery relevance.

Defendants' relevance objection to the discovery request is entirely conclusory and contains no explanation as to how the request is irrelevant. Defendants' reply brief merely states that "Plaintiff has no reasonable basis for alleging that he has been singled out and treated differently than another similarly situated student."  (Doc. 61, at 20.)  This does not satisfy Defendants' duty to "specifically show in [their] response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how [this] request for production . . . is objectionable."  ***Sonnino***, 221 F.R.D. at 670-71 (internal citation omitted).  Defendants' objections are **overruled**.  Plaintiff's motion is **GRANTED** in regard to Request No. 11.

9.     **Personnel files of individual Defendants (RFP No. 12)**.

This document request is not relevant on its face.  As such, it is the proponent's duty to establish its relevance.  Plaintiff argues that he is entitled to these personnel files in order to determine "both the qualifications and the nature of the prior acts of the defendants as Employees of the University of Kansas and the University of Kansas School of Law."  (Doc. 51, at 18.)  This does not, in the Court's opinion, meet the relevance threshold – particularly when balancing the probative value against the invasive nature of the information requested. Plaintiff's motion is **DENIED** in regard to Request No. 12.

**E.     Application of Opinions to Fact, Law to Fact, and Calling for a Legal Conclusion**.

Plaintiff also raises issue with apparent objections by certain Defendants that particular discovery requests called for opinion or a legal conclusion.  (*See* Doc. 51, at 18.)  Plaintiff does not, however, indicate by number which specific discovery requests were responded to in this manner, nor does he provide the Court with a copy of these Defendants' discovery responses in relevant part or in their entirety, which would have given the Court the opportunity to at least review the discovery responses to determine which were implicated (if the Court were so inclined).  This is clearly in contravention of D. Kan. Rule 37.1, which, as discussed above, states that motions directed at discovery or responses thereto,

15

"must be accompanied by . . . the portions of the interrogatories, requests or responses in dispute."  Without being able to determine the specific requests at issue and the responses/objections thereto, the Court is wholly unable to address this issue on a substantive level.[4]   As such, this portion of Plaintiff's motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 51) is **GRANTED in part** and **DENIED in part** as more fully set forth above.  To the extent Plaintiff's motion has been granted, Defendants shall provide supplemental discovery responses to Plaintiff on or before **February 22, 2012**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 3rd day of February, 2012.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

---

[4]  This is distinguishable from the situation addressed in section B of this brief, wherein discovery was objected to – and not answered – in its entirety.  The issue raised in this section of the Court's opinion deals with a specific objection to particular discovery requests.  Because Plaintiff has not provided the Court with a way to identify and review these particular discovery requests (or the objections thereto), the Court cannot make the necessary substantive evaluation.