# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 10-2606-EFM-KGG |
| | ) |
| THE UNIVERSITY OF KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Plaintiff's Motion to Compel (Dkt. 66) challenges the propriety of defense counsel's instruction to the Dean of the Kansas University School of Law not to answer a question during a deposition.  Because instruction was not necessary to protect a privilege, to enforce a court limitation, or to present a motion for protective order, counsel's instruction was improper under Federal Rule of Civil Procedure 30(c)(2) and the Motion to Compel should be granted.  However, because the line of inquiry may lead to questions which could result in the disclosure of confidential student information, the Court will impose some protective structure for proceeding.

Plaintiff's action against the University of Kansas arises from his dismissal from the law school following an amendment of his admissions application which

revealed criminal history information.  Plaintiff challenges his dismissal on numerous grounds, including claims that the University failed to follow proper procedures.

Plaintiff, who appears *pro se* in this action, deposed the law school Dean. He asked whether the Dean had been involved in other disciplinary matters involving students who had amended their applications. Defense counsel objected on two grounds.  First, she objected that such incidents which occurred after Plaintiff's dismissal were irrelevant. Second, she objected that the questioning could lead to the disclosure of identifying student information in contravention of the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g(a)(4). After considerable discussion between defense counsel and Plaintiff, defense counsel instructed the witness not to answer the question. She also instructed the witness to limit any response to the period before Plaintiff's dismissal. After this instruction, Plaintiff asked the witness to answer the question within that limitation, to which the witness responded that he did not "recall being involved in any disciplinary proceedings involving applicants who amended their applications."  Plaintiff challenges the propriety of defense counsel's instruction.

Defense counsel's instruction to the witness was improper. Under Fed. R. Civ. Proc. 30(c)(2) "a person may instruct a deponent not to answer only when

2

necessary to protect a privilege, to enforce a limitation ordered by the court, or to present a motion under Fed. R. Civ. Proc. 30(d)(3)." Even if FERPA created a privilege allowing an educational institution not to disclose student identifying information, the question, answerable by a simple "yes" or "no," would not run afoul of that privilege. The likelihood that defense counsel understood this is demonstrated by her allowance of the same question within the earlier time frame, which would have the same FERPA consequences. It is clear that defense counsel was asserting a simple relevance objection, which is improper.[1]

Defendant contends in its memorandum that Plaintiff abandoned his original inquiry because, after defense counsel's witness instruction and Plaintiff's failure to dissuade defense counsel of her position, Plaintiff finally relented and asked the question limited to the time-period defense counsel allowed. The Court disagrees.

Defendant does not claim that FERPA creates a privilege. However, the Court agrees that the law recognizes an important privacy interest for students. Plaintiff states in his memorandum that he is not "concerned" with the identities of any students. (Dkt. 66 at page 8). Therefore, the Court will order some limitations

---

[1] Defendant does not contend that the instruction was intended to enforce a court limitation or to file a Rule 30(d)(3) motion.

to protect the privacy of students in any follow up questions.

The Plaintiff's Motion to Compel is GRANTED. The Plaintiff shall be permitted to re-open the deposition of the witness for the purpose of obtaining an answer to the question. If the answer is in the negative, the deposition shall end.[2] If the answer is in the affirmative, Plaintiff may inquire about such details of the student disciplinary matters as do not require the disclosure of student identifying information.[3]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 27th day of February, 2012.

    S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge

---

[2] The parties are encouraged to confer to discuss whether, if the answer is in the negative, a simpler procedure, such as an affidavit from the witness, might suffice.

[3] This Order is without prejudice to the Plaintiff's ability to contend that more detailed follow-up discovery, might be necessary after this deposition, or to the Defendant's resistence to that discovery.