IN THE UNITED STATES DISTICT COURT
FOR THE DISTICT OF KANSAS

| | |
|---|---|
| Robert M. Brown, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No.  10-CV-2606 EFM/KGG |
| v. ) | |
| ) | *Electronically filed on 03/09/2012* |
| The University of Kansas, et al. ) | |
| ) | |
|     Defendants ) | |

**PLAINTIFF ROBERT M. BROWN'S MOTION FOR REASONABLE
EXPENSES INCURRED REGARDING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY REGARDING THE DEPOSITION OF STEPHEN W. MAZZA
TOGETHER WITH MEMORANDUM IN SUPPORT**

Plaintiff Robert M. Brown respectfully moves this Court to award reasonable expenses incurred in prosecuting his Motion to Compel Discovery regarding the Deposition of Stephen W. Mazza, and in support of his motion, states as follows:

1.    Plaintiff Robert M. Brown filed this action on November 9th, 2010, alleging unlawful interference with his constitutionally protected procedural and substantive due process rights in his liberty and contractual property interests in his continued enrollment at the University of Kansas School of Law.

2.    During the parties initial planning conference, which occurred on April 28, 2011, opposing counsel advised Brown that the Defendants might seek a protective order to protect the rights of students to privacy.

3.    On April 28, 2011, opposing counsel transmitted via email the parties' jointly submitted Report on the Parties Planning Conference, which contained the language "[t]he

1

parties agree that there may be a need for discovery in this case to be governed by a protective order."

4.  On May 20, 2011, the Court issued a SCHEDULING ORDER in this case which set the deadline for filing a motion for a protective order which could govern discovery, mutually agreed upon or otherwise, at May 27th, 2011 (Doc. 28, p.6).

5.  No motion for a protective order which could govern discovery in the case was sought by Defendants, timely or otherwise.

6.  Between September 5th and September 7th of 2011, plaintiff Brown served requests for production of Documents on all of the defendants.

7.  Each of Brown's requests which potentially involved student information suggested that the documents provided be "properly redacted to delete identifying information".

8.  On November 19, 2011, plaintiff Brown took the deposition of Stephen W. Mazza.

9.  During Defendant Mazza's deposition, the following exchange took place:

> Q  Have you been involved in other disciplinary matters involving amending applicants?
> A  What timeframe?
> Q  Ever.
> MS. TROWER:  I'm going to object because anything that happened after -- I'll let him think about prior to June 2010, anything that may or may not have happened after June 2010 would no way be relevant to what's happened. So I'll at least put that time limitation or restriction on you.
> Q  (By Mr. Brown)  The question is still there.
> MS. TROWER:  I'm going to instruct the witness not to answer or to construe the question as being limited to any actions before June 7, 2010.
> MR. BROWN:  What privilege are you asserting?
> MS. TROWER:  I'm asserting that it's not relevant what may or may have happened after your case.  It would be after acquired evidence. That's never admissible evidence. I'm asserting that it invades the Family Educational Rights and Privacy Act being privileges of those students if they exist.  I'm asserting that those students also have other confidentiality -- excuse me, rights to privacy that such a question would be invading, and absent a clear

>means of you're asserting how anything that happened after your case is relevant to your case, which a Court would never find, I'm not going to let him answer that question in that manner. Now, if you want to agree that he can answer anything before June 7, 2010, then he can answer. We'll take it up with the judge on the objection.
>
>MR. BROWN: Are you intending to file a rule 30 motion[?]
>
>MS. TROWER: Bob, I'm not going to argue with you. I've stated the objection. Dean Mazza, you can answer the question with respect to any time before June 7, 2010.
>
>MR. BROWN: I want to clarify for the record, there's no privilege of Dean Mazza's that you're asserting?
>
>MS. TROWER: Asserting on behalf of the University.
>
>MR. BROWN: You don't intend to file a Rule 30 Motion; correct?
>
>MS. TROWER: I didn't say that, Bob. I'm asserting a privilege on behalf of the University of Kansas. I'm instructing this witness to limit his answer to the period before June 7, 2010.

(Ex. 1, Mazza Depo. 104:14 – 106:19)

10. Brown's question did not seek the name or any information which could be used to determine the identity of any student.

11. Neither defendant Mazza nor opposing counsel moved to terminate or limit the deposition at any time during the deposition.

12. No defendant subsequently filed a motion under Rule 30(d)(3) with respect to this deposition.

13. On December 1, 2011, plaintiff Brown raised the issue of this limitation of Defendant Mazza's deposition testimony to matters that occurred only before or during the pendency of his matriculation without benefit of privilege, protective order, or motion with opposing counsel via email, stating in relevant part as follows:

> "When I asked Dean Mazza about his involvement with amending applicants, you objected vociferously, and ultimately advised your witness not to answer. Your instructions to the witness not to answer were not grounded in any protective order, privilege, or desire to seek a Rule 30 motion. As such, they were improper. . . . I would appreciate the opportunity to talk with you about this in the very near future."

3

14. Subsequent to this email, plaintiff Brown made multiple verbal requests during telephone conversations with opposing counsel to discuss the matter.

15. On December 13th, 2011, opposing counsel responded via email, stating in relevant part as follows:

> "As to your statements regarding the questioning of Dean Mazza regarding cases of amended applications that came after your case, as stated at the deposition, you are seeking to discover evidence that relates to subsequent actions by the School of Law. In addition, because any such records would also be student educational records protected under the Family Education Rights and Privacy Act (FERPA), the records and information contained therein are protected from disclosure under federal law. I understand that in deposition may [sic] ability to instruct my client not to answer is limited. However, the subject matter into which you were inquiring is protected under federal law, and my client is not going to violate federal law simply on your say so because you have posed a question to him."

16. On December 15th, 2011, plaintiff Brown and opposing counsel conferred by telephone.

17. Opposing counsel stated to Brown that, although he had not asked for the identity of any student, she had anticipated that he would do so if she were to permit this line of questioning.

18. Opposing counsel stated to Brown that the parties needed the Court to order disclosure of the information he sought so that Dean Mazza could answer his questions without creating liability on the part of Defendants.

19. Opposing counsel discussed with Brown that the parties needed to file a Joint Motion for Order to facilitate disclosure of the information requested at Defendant Mazza's deposition.

20. Brown immediately drafted a Joint Motion For Order To Disclose Details Of Disciplinary Matters Involving Amending Applicants, and forwarded the motion to opposing counsel for comments and revisions.

21.	The Motion for Order (Ex. 2) contained the language "[t]he parties stipulate that redaction of identifying information within the documents provided is acceptable and appropriate."

22.	Upon reviewing plaintiff Brown's draft of the Motion for Order (Ex.2), opposing counsel responded via email "Having thought about this more, I believe that the appropriate way to tee this up for the court to decide is for me to file a Motion for Protective Order.  I will work on getting that filed by Monday."

23.	Brown pointed out via email to opposing counsel that her motion for protective order would do nothing to protect his right to file his Motion to Compel, and that the window within which he could file that motion would end on Monday, December 19th.

24.	Brown then successfully reached opposing counsel via telephone for a second conference on December 15th, 2011.

25.	 During this telephone conference, opposing counsel advised Brown that she was ambivalent about whether he was entitled to the information sought by his questions.

26.	Opposing counsel advised Brown she would contact Defendant Mazza and discuss the matter further with him and then advise plaintiff Brown as to the outcome of that conversation.

27.	On Monday, December 19th, 2011, opposing counsel was ill with stomach flu and advised Brown that she still had not had an opportunity to speak with Defendant Mazza due to illness, press of business, and emergencies.

28.	At the suggestion of opposing counsel, Brown drafted a joint Motion for Extension of Time for plaintiff Brown to file his Motion to Compel Regarding the Deposition of Stephen W. Mazza.

29.     On Monday, December 19th, this Court granted the parties' joint motion and extended the time for filing of this motion until December 29th, 2011.

30.     On December 22, 2011, plaintiff Brown called opposing counsel to follow up, and was informed that she had spoken to Defendant Mazza and that Mazza's position regarding disclosure remained unchanged.

31.     On December 22, 2011, opposing counsel also responded to Brown's phone message via email, which stated "I have spoken to Dean Mazza but do not have an answer for you yet on the records, and if I don't hear back from him today, I won't likely have one before the New Year as I will be out of the office for the holidays starting tomorrow. I am tied up with other matters that I must finish before the holidays, and don't see how I have time to discuss, nor much more that we can discuss in light of what information I have at this point. Accordingly, proceed however you believe is in your best interests."

32.     On December 29, 2011, plaintiff Brown filed a Motion to Compel Discovery regarding the Deposition of Stephen W. Mazza.

33.     Brown contended in his motion that no judicially recognized privilege had been asserted by Defendant Mazza, that there was no realistic expectation on the part of Defendant Mazza that student privacy would be implicated, that opposing counsel's blanket instruction regarding an entire line of questioning was improper given Judge Brown's ruling in *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995), that the time limitation placed on the subject matter made clear that opposing counsel's objection was grounded only in relevance, that opposing counsel had failed to make the required motion under Fed.R.Civ.P. 30(d)(3), and that opposing counsel's objection failed every test of Fed.R.Civ.P. 30(c)(2).

34. Plaintiff Brown spent eighteen hours in research for, preparation of, and filing of his Motion to Compel Discovery Regarding the Deposition of Stephen W. Mazza, each of which would have been otherwise billable at a rate of not less the sixty-five (65) dollars per hour if Brown had not been forced to take time from his normal productive efforts to prosecute the motion.

35. On January 17th, 2012, defendant Mazza responded to plaintiff Brown's Motion to Compel.

36. Mazza's response purported to be both a responsive pleading and a motion for protective order.

37. Mazza's response admitted that the objection was based not on privilege, but only on the timeframe surrounding Brown's question. (Def. Resp., Doc 77, p. 8)

38. Mazza's response completely ignored the applicable standard of review. (Def. Resp., Doc 77, p. 13)

39. Mazza's response suggested that Brown should be required to obtain Court sanction before asking questions regarding prior disciplinary actions.

40. On January 22, 2012, Brown filed a reply to defendant Mazza's response.

41. Plaintiff Brown spent thirteen hours in research for, preparation of, and filing of his reply to defendant Mazza's response to his Motion to Compel Discovery, each of which would have been otherwise billable at a rate of not less the sixty-five (65) dollars per hour if Brown had not been forced to take time from his normal productive efforts to prosecute the motion.

42. On February 27th, the Court granted Brown's Motion to Compel Discovery regarding the deposition of Stephen W. Mazza.

43. As part of its February 27th Order, the Court found "that defense counsel was asserting a simple relevance objection, which is improper." (Order, Doc. 85, p. 3)

44. The Court made no findings which militated against the propriety of Brown's actions or against the relief he sought.

## QUESTION PRESENTED

Is Brown entitled to recovery of the reasonable expenses incurred in prosecuting his Motion to Compel regarding the deposition of Stephen W. Mazza?

## THE LEGAL STANDARD

When a motion for an order compelling disclosure or discovery under Fed.R.Civ.P. 30(a) is granted, then "the Court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed.R.Civ.P. 30(a)(5)(A)(Emphasis added).

## ARGUMENTS AND AUTHORITIES

Here, we are dealing with an unabashed and unmitigated violation of Fed.R.Civ.P. 30(c)(2). Defendant admitted upon response that no judicially recognized privilege was implicated, that no limitation was ordered by the Court, and that no motion under Rule 30(d)(3) was filed.

Further, the Court has found that defense counsel's objection was "a simple relevance based objection." The precedent in this circuit is clear, and that objection in this circuit was improper.

Brown made numerous and genuine efforts to avoid involvement of the Court in this matter, including multiple emails and telephone meetings with opposing counsel, preparation of

a proposed joint protective order, preparation of a joint motion for extension of time during opposing counsel's illness so that resolution could remain possible, and follow inquiry into resolution until it became clear no resolution would ever be forthcoming.

Defendant has compounded the inconvenience to plaintiff Brown through novel and unsupported legal arguments, to which Brown nonetheless was called upon to respond.  Unlike opposing counsel, Brown cannot draw from his substantial base of historical experience and training.  Brown is a lay person. Motion preparation is an arduous and time consuming task for him, and one that takes him away from being able to provide for his family during his precious and limited available work hours.

Here, there was no privilege in play, no limitation ordered by the court regarding the subject matter of the question, and no Motion to Terminate or Limit under Rule 30(d)(3) made during the deposition. Per the charge of Rule 30(c)(2), the testimony should have been taken subject to the objection.  There was no defensible basis for opposing counsel to instruct Defendant Mazza not to answer.

## CONCLUSION

For the foregoing reasons, plaintiff Brown respectfully requests relief as follows:

For his foregone compensation for the hours put towards prosecuting his Motion to Compel Discovery regarding the Deposition of Stephen W. Mazza, as follows:

31 Hours at sixty-five dollars per hour                         $2,015.00

That any expenses of defendant Mazza's supplemental deposition be borne by defendant Mazza and/or opposing counsel.

Respectfully submitted,

Robert M. Brown


By:    /s/ Robert M. Brown_____
        Robert M. Brown, *Pro Se*
        6200 W 74th Street
        Overland Park, KS  66204
        816-721-4512
        866-610-4630 (fax)
        bbrown@netstandard.net

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 9th day of March, 2012, the above and foregoing was electronically filed with the United States District Court for the District of Kansas using the CM/ECF system, which caused notification to be sent to the following:

Sara L. Trower, Esq.
Associate General Counsel and Special
Assistant Attorney General
Room 245, Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS  66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617
Email: strower@ku.edu

*Attorney for Defendant University of Kansas*
*School of Law*

                                          /s/ Robert M. Brown_____
                                          Robert M. Brown, *Pro Se*