IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 10-CV-2606-EFM-KGG |
| | ) |
| THE UNIVERSITY OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS</u>**

This Court granted the plaintiff's motion to compel the further deposition of defendant Mazza because defense counsel improperly instructed the witness in his first deposition not to answer a question. (Dkt. 85). The Court's order was qualified by a restriction on the further deposition intended to protect certain confidential student information. Plaintiff now moves for sanctions under Fed. R. Civ. Proc. 30(d)(2) and 37(a)(5), requesting the award of expenses incurred in making the motion. (Dkt. 89).[1] Because the plaintiff has not demonstrated that he has incurred "expenses," this motion is denied.

The rules cited require or authorize the award of "reasonable expenses and attorney fees" as sanctions under the circumstances covered by those rules. Under Rule 30(d)(2) the Court may award sanctions if a party "impedes, delays, or frustrates" the fair examination of a deponent. Rule 37(a)(5)(A) applies to general motions to compel, and requires the Court to award sanctions unless the opposing party's conduct was "substantially justified" or unless "other circumstances

---

[1] The Court assumes the plaintiff is relying on one or both of these rules. Plaintiff's citation to Fed.R.Civ.P. 30(a)(5)(A) appears to be erroneous.

make an award of expenses unjust."[2] Either rule, however, limits sanctions to "reasonable expenses and attorney fees."

The plaintiff, who represents himself in this case, requests as sanctions compensation for his time spent on the motion to compel at the rate of $65 per hour, claiming that this time was taken from time he would have spent working at his job.  He also requests that any expenses of the supplemental deposition be borne by the defense.  Defendant objects and cites case law for the general proposition that a *pro se* defendant is not entitled to attorney fees.[3]  Defendant also states that it has agreed to bear the costs of the repeat deposition including the Court reporter's attendance fee.  The plaintiff does not disagree with the argument that attorney fees are not recoverable by him, but claims that the hourly compensation he lost should be recoverable as an expense.  Plaintiff has cited no authority for the proposition that this type of claim may be compensable as a discovery sanction.[4]

---

[2]Because of the ruling in this matter, the Court does not decide whether plaintiff would be entitled to sanctions. The Court notes that during and after the deposition defendant attempted to navigate an issue regarding protecting the confidential information of students.  Although the Court held that the defense did so incorrectly, the Court's recognition in its prior order that the general concern was legitimate may constitute "other circumstances" making the award of sanctions inappropriate.

[3]*Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (disallowing attorney's fees to a lawyer representing himself in a 42 U.S.C. § 1988 action); *See also Garcia v. Tandy*, 2000 WL 703010 (C.A.10 (N.M.)) (*Pro se* litigant not entitled to an award of fees under §1988); *Brown v. Lian*, 2011 WL 2652342 (W.D. NY 2011) (*Pro se* plaintiff's statement of expenses for motion to compel should not include an attorney's fees application); *Marcello v. Maine*, 238 F.R.D. 113, 117 (D. Maine 2006) (*Pro se* litigant cannot collect attorney's fees for the time they spent in preparing and filing for an award of costs); *Prousalis v. Jamgochian*, 38 Fed.Appx. 903, 904 (4th Cir. 2002) (attorney's fees are not available to an attorney proceeding *pro se*); *Lozano v. Peace*, CV 05-0174, 2005 WL 1629644, 2005 U.S. Dist. LEXIS 40360 (E.D.N.Y. July 11, 2005) (holding that *pro se* litigants are not entitled to attorney's fees pursuant to Rule 4).

[4]Even if compensable, plaintiff has only presented argument concerning this loss, and has not provided evidence from which the Court could make such an award.

Plaintiff has mistaken the concept of an "expense" with "damages." The sanctions provisions to not allow an award of damages in the tort or contract sense. Expenses are those costs incurred by the plaintiff in making the motion or in redeposing the witness. The plaintiff has not requested any such expenses, or presented any evidence in support of any expenses.

The motion is DENIED.

S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge
