IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT M. BROWN,               )
                               )
                Plaintiff,     )
                               )
v.                             )    Case No. 10-2606-EFM-KGG
                               )
UNIVERSITY OF KANSAS, *et al.*,)
                               )
                Defendants.    )
_____)

## MEMORANDUM AND ORDER

Now pending is Defendant's "Motion for a Protective Order," requesting that the Court enter an Order preventing the deposition of University of Kansas Chancellor Dr. Bernadette Gray-Little. (Doc. 94.) For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part** with stated conditions.

The facts of this case have been summarized in the Court's previous Orders of May 4, 2011 (Doc. 23) and February 3, 2012 (Doc. 80). Those facts are incorporated herein by reference, although certain facts will be repeated here for the sake of clarity.

Plaintiff filed his Complaint on November 9, 2010, against numerous

Defendants, alleging various claims relating to his dismissal from Defendant Law School, including deprivation of due process and disparate treatment as well as claims for certain injunctive relief. (Doc. 1.) Plaintiff served various sets of discovery to all of the Defendants in this case, encompassing Interrogatories, Requests for Admissions, and Requests for Production of Documents. (*See* Docs. 45, 46; *see also* Doc. 65-1 through Doc. 65-18.) Included therein were separate sets of discovery requests served on certain Defendants who have been sued solely in their official capacities.[1] (*See id*.) Defendants responded to the discovery requests, typically providing no substantive discovery responses beyond the general "official capacity" objection. (Doc. 51, at 7.) This resulted in a motion to compel from Plaintiff.

In ruling on that motion, this Court held that individually-named Defendants who were sued in their official capacities only still had a duty to respond to discovery requests.

> The Court finds this objection to be improper under the present circumstances. Discovery requests made to the Official Capacity Defendants must, at a minimum, be considered requests made of the entity the individual

---

[1] These individuals sued in their official capacities will be collectively referred to as the "Official Capacity Defendants": Andy Tompkins, Gary Sherrer, Ed McKechnie, Jarold Boettcher, Christine Downey-Schmidt, Mildred Edwards, Tim Emert, Richard Hedges, Dan Lykins, Janie Perkins, and Bernadette Gray-Little. (*See* Doc. 51, at 7.)

> Defendants represent in their official capacities – in this case the Kansas Board of Regents (as to Defendants Andy Tompkins, Gary Sherrer, Ed McKechnie, Jarold Boettcher, Christine Downey-Schmidt, Mildred Edwards, Tim Emert, Richard Hedges, Dan Lykins, and Janie Perkins) and the University of Kansas (as to Defendant Bernadette Gray-Little, Chancellor of the University of Kansas). Defendant has cited, and the Court has found, no authority supporting the claim that official-capacity defendants cannot be served with separate discovery requests. To the extent Defendants have objected to the discovery requests on this basis, this objection is **overruled**.

(Doc. 80, at 6-7 (emphasis in original).)

The present motion involves an analogous discovery issue. Plaintiff has noticed the deposition of Defendant Chancellor Gray-Little. (Doc. 83.) In bringing the motion for protective order, Chancellor Gray-Little contends that as an official-capacity Defendant, she has no personal knowledge of the issues relating to Plaintiff's claims or Defendants' defenses. (*See generally* Doc. 95.) Rather, she argues that the information sought from her "can be readily obtained from a Rule 30(b)(6) witness." (*Id.*, at 2.) Further, she argues that the burden to her imposed by the deposition outweighs any potential benefit to Plaintiff. (*Id.*, at 4-5.)

Defendant responds that the Chancellor would be a proper witness even if she was not named as a Defendant because of her role in "reshaping" admissions

initiatives at KU.  (Doc. 98, at 2.)  Further, Plaintiff contends the Chancellor was also the "direct recipient" of Plaintiff's notice of pending litigation and that her opinions regarding the University's policies and procedures "are not only relevant, but authoritative."  (*Id*., at 3.)  The Court finds that Defendant has sufficiently established the relevancy of the Chancellor's potential testimony and alleged personal knowledge.

Defendant has offered to schedule the deposition around the Chancellor's "more important appointments" and to conduct it at her location "rather than requiring her to travel."  (*Id*., at 4.)  The Court agrees that Plaintiff is "entitled" to depose Chancellor Gray-Little and finds these to be valid attempts at compromise. Given the importance of the Chancellor's position – as well as the limitations of her involvement in the issues presented in Plaintiff's claims – the Court will, however, limit her deposition to a maximum of **ninety (90) minutes**.  Further, the deposition will occur at a building of the Chancellor's choosing on the Lawrence, Kansas campus of the University of Kansas.


**IT IS THEREFORE ORDERED** that Defendant's Motion for a Protective Order (Doc. 94) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

4

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 14th day of May, 2012.

                                                    S/ KENNETH G. GALE
                                                    KENNETH G. GALE
                                                    United States Magistrate Judge