## DECLARATION OF GAIL AGRAWAL

My name is Gail Agrawal. Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. I am currently Dean and Professor of Law at the University of Iowa College of Law. During the period 2006 through June 2010, I was Dean and Professor of Law at the University of Kansas School of Law. As Dean at the University of Kansas School of Law, I was the chief executive officer and chief academic officer for the School of Law and I reported to the Provost.

2. Sometime in late August 2009, after the 2009-2010 academic year had begun, I learned from Wendy Rohleder-Sook, Associate Dean for Student Affairs, that a student, who had indicated on his application for admission that he did not have any criminal record and had been admitted with the 2009-2010 entering class, amended his application to reveal that he had a criminal history. To the best of my recollection, at that time I did not know the student's name or the particular details of the criminal history he revealed. I understood that Associate Dean Rohleder-Sook, who was responsible for overseeing admissions, would be following up with the student to obtain the details concerning the amended application and presenting that information to the Admissions Committee for its review and consideration.

3. The matter of Robert Brown's amended application for admission to the School of Law came to me for review and consideration after the May 3, 2010 Memorandum from the hearing panel that had been convened to consider "Dean Rohleder-Sook's complaint against Robert Brown." *See* attached Deposition Exhibit 9.



4. I reviewed the file on Mr. Brown, and I consulted the Office of General Counsel for legal advice on the matter. On May 25, 2010, I wrote Mr. Brown to inform him that I planned to dismiss him from the Law School for falsification, misrepresentation and failure to supply complete, accurate and truthful answers on his application for admission, and in that letter, I provided him with the opportunity to provide me with a written response by June 3, 2010. *See* attached Brown Deposition Exhibit 8.

5. On May 27, 2010, I received a written response from Mr. Brown, which I reviewed and considered.

6. On June 7, 2010, I wrote Mr. Brown to advise him that he was dismissed from the School of Law effective, June 8, 2010. *See* attached Brown Deposition Exhibit 10. To the best of my recollection, I had no further contact or involvement with Mr. Brown until I was served with process in the pending lawsuit.

7. I assumed my duties as Dean the University of Iowa College of Law on July 1, 2010, and I know that I took some vacation leave between leaving the University of Kansas and that July 1, 2010 start date.

8. I consulted the Office of General Counsel for legal advice concerning the questions presented by Robert Brown's failure to disclose his criminal history on his application for admission. In making my decision regarding how to proceed and in dismissing him from the Law School, I acted in good faith, exercising my professional academic judgment and discretion in carrying out my duties and responsibilities as Dean.

I have read this declaration and had the opportunity to make changes to it, and I declare under penalty of perjury that the foregoing is true and correct.

*Gail Agrawal*
Gail Agrawal

Aug 6, 2013
Date



## THE UNIVERSITY OF KANSAS
### School of Law

May 25, 2010

**Via U.S. Certified Mail**

**Personal and Confidential**

Robert M. Brown
6200 W. 74th Street
Overland Park, KS 66204

    Re:   Dismissal from School of Law

Dear Mr. Brown:

    I am writing to advise you that I plan to dismiss you from the School of Law, effective as of Tuesday June 8, 2010, for falsification, misrepresentation, and failure to supply complete, accurate and truthful answers to your application for admission to the School of Law. If you believe that this action is inappropriate or that there are mitigating factors that I should consider before dismissing you, then you must provide me with a written response to this letter by 2:00 p.m. on June 3, 2010.

### Facts Warranting Dismissal:

    On or about April 8, 2009, you submitted an application for admission to the School of Law, which included the following questions to which you answered "No":

    27.c. Have you ever been arrested for, charged with, or convicted of a felony, misdemeanor or infraction other than a traffic violation? (include diversions, sealed or expunged records, and juvenile offenses)

    27.d. Have you ever been arrested for, charged with or convicted of a traffic offense involving alcohol or a controlled substance? (include diversions, sealed or expunged records, and juvenile offenses)

    The application that you submitted to the School of Law contained the explicit statement: "I understand that falsification, misrepresentation or failure to supply the required information in connection with this application is sufficient cause for denial of my application or dismissal from the School of Law." Similarly, the LSAC letter certifying your electronic application to the School of Law explicitly stated:

    I certify that, to the best of my knowledge, the information stated on this Application and in any supporting documents submitted is true and complete. I understand that falsification, misrepresentation or failure to supply required

[Brown DEPOSITION EXHIBIT 8]

Office of the Dean
Green Hall | 1535 W. 15th Street | Lawrence, KS 66045-7608 | (785) 864-4531 | Fax (785) 864-5054 | www.law.ku.edu

information in connection with this application is sufficient cause for denial of my application or dismissal from the School of Law. I understand that I have a duty to notify the Office of Admissions if there are any changes in my answers after this application is submitted.

Following submission of your application to the School of Law, you were offered a spot on the admissions waitlist, which offer you accepted on April 21, 2009. By letter dated May 17, 2009, you submitted additional materials in support of your application including a specific statement about your interest in KU Law and an additional optional essay. On August 19, 2009, the Admissions Office offered you admission to the KU Law fall 2009 entering class. On August 20, 2009, you submitted a seat deposit fee waiver form.

In a letter dated August 27, 2009, addressed to "Wendy Rohleder-Snook" [*sic*], Associate Dean for Student Affairs, you stated that you wished to amend your application with respect to the answers you submitted to question 27.c. The information that you provided as an amendment to your earlier answer of "No" was the following:

| Case No. | Tribunal | Charge | Finding |
|---|---|---|---|
| 96DV290 | Johnson County Dist. Ct. | Domestic Battery | Guilty |
| 96DV740 | Johnson County Dist. Ct. | Domestic Battery | Guilty |
| 90?????? | Johnson County Dist. Ct. | DUI | Guilty |
| 79?????? | Shawnee County | DUI | Diversion |

In your letter to Associate Dean Rohleder-Sook, you explained the reason for your omission of the above information from your School of Law application as follows:

I had spoken with my brother, James (a KU Law School grad), regarding the impact convictions which had occurred and been resolved more than ten years prior for misdemeanors might have on my ability to sit for the Bar. James informed me that they should not be relevant. Based upon his advice, which I believe was correct, I did not consider my entire lifespan when I answered questions 27(c) and 27(d).

On or about August 27, 2009, the School of Law requested that you provide a further explanation of the criminal matters that you disclosed in your August 27, 2009 letter. You provided a written response in a letter dated September 11, 2009.

A subsequent search of the Johnson County public records database for all criminal matters involving you revealed three additional criminal charges that you had not disclosed: 1) 12/05/94 Battery, dismissed by prosecutor; 2) 12/21/94 Battery, dismissed by prosecutor; and 4/23/04 Criminal Trespass, dismissed by prosecutor. On October 2, 2009, Associate Dean Rohleder-Sook requested that you provide an explanation for these charges and why you failed to disclose them.

In an October 2, 2009 response, you stated that the 12/05 and 12/21 charges were recharged and combined into the 96DV290 case. You stated that the 4/23/04 Criminal Trespass charge was dropped by the prosecutor after an investigation of the complaining witness's

credibility. You stated that under such circumstances, it was your "impression the 'charge' disappeared."

When Associate Dean Stephen Mazza discussed with you your failure to disclose in your application to the School of Law the criminal matters that subsequently came to light, you admitted that you knew that you would not have been admitted to the School of Law had you disclosed your criminal record.

On January 19, 2010, the 2008-09 Law School Admissions Committee convened to review your application together with the additional facts regarding your criminal record. Upon review of this amended application information, the Law School Admissions Committee determined that had they been presented with these application materials at the time of their original review, they would have denied your application for admission to the School of Law.

On February 17, 2010, Associate Dean Rohleder-Sook filed a complaint alleging academic misconduct by you based on your failure to disclose your criminal record in your application for admission to the School of Law. Pursuant to the School of Law's Dispute Resolution Procedure, the complaint was referred to a hearing panel. After reviewing the written submissions of the parties, on May 3, 2010 the Hearing Panel issued a written "Memorandum" finding that the facts of Associate Dean Rohleder-Sook's complaint did not state a cause of action for academic misconduct under University Senate Rules and Regulation 2.6.1. The Hearing Panel's Memorandum noted that the certification statements contained in your application for admission to the School of Law and in your LSAC letter certifying your electronic application each contained a statement that "falsification, misrepresentation or failure to supply the required information" would constitute cause for denial of admission or for dismissal from the School of Law.

## Conclusions based on Facts Warranting Dismissal:

I have reviewed your application together with the various written communications that have been exchanged regarding your application. I have also reviewed your subsequent disclosures regarding your criminal record and your stated reasons for failing to disclose those matters in your application for admission to the School of Law.

Inclusion of questions 27.c. and 27.d. puts every applicant to the School of Law on notice that an applicant's criminal record is a material matter that will be considered in determining the applicant's fitness for admission to the School of Law. The questions do not limit the time period to which they apply. The importance of candor, honesty, and full disclosure in the application process is confirmed in the certification statements that are included in the application and the LSAC letter certifying the online application. Each of these certifications warns the applicant that "falsification, misrepresentation or failure to supply the required information" is cause for denial of admission or for dismissal from the School of Law. Given the statements included in these certifications, there can be no dispute that applicants are put on notice that violation of the certifications is cause for dismissal from the School of Law.

I concur in the assessment of the Law School Admissions Committee, which concluded that you would not have been admitted to the School of Law had your original application materials included all of the requested information subsequently disclosed. I, therefore, find that

your "No" answers to questions 27.c. and 27.d. on your application to the School of Law were materially false, materially misrepresented your criminal record, and were a material failure to supply the requested information. You admitted to Associate Dean Mazza that you knew that you would not have been admitted to the School of Law had you disclosed your criminal record when you made your application. Such an admission acknowledges a knowing and purposeful attempt by you to conceal and misrepresent the true nature of your qualifications for admission to the School of Law. I further find that your August 27, 2009 letter seeking to amend your application was also materially inaccurate and incomplete by failing to disclose the three additional criminal charges cited in Associate Dean Rohleder-Sook's communication with you. I find your stated reasons for failing to disclose these three charges in your August 27, 2009 letter implausible.

The certifications accompanying your application to the School of Law expressly stated that "falsification, misrepresentation or failure to supply the required information" would constitute cause "for denial of admission or for dismissal from the School of Law." Based on the foregoing, I find cause to dismiss you from the School of Law based on your falsification, misrepresentation, and repeated failure to supply complete and accurate information in your application to the School of Law.

**Opportunity for Response:**

As stated earlier, you may provide me with a written response to this letter by 2:00 p.m. on Thursday, June 3, 2010 if you believe your dismissal is inappropriate or if there are mitigating circumstances you believe I should consider before the effective date of the dismissal. If you fail to provide me with a written response by 2:00 p.m. on June 3, 2010, or if your written response fails to convince me that your dismissal is unwarranted, then your dismissal from the School of Law will be effective June 8, 2010. The School of Law's transcript will show that your dismissal was based on your falsification, misrepresentation, and failure to supply required information on your application to the School of Law. If you are currently enrolled in any summer session classes, your tuition and fees related to those classes will be refunded to you.

Sincerely,

*Gail B. Agrawal*
Gail B. Agrawal
Dean and Professor of Law

Cc: Stephen Mazza



School of Law

CONFIDENTIAL

# MEMORANDUM

**To:** Dean Mazza; Dean Agrawal; Mr. Robert Brown; Dean Rohleder-Sook

**From:** The Hearing Panel (composed of Sonja Kramer, Robin Miller and Stephen Ware)

**Re:** Dean Rohleder-Sook's complaint against Mr. Robert Brown

**Date:** May 3, 2010

---

Associate Dean Stephen Mazza informed us that this hearing panel was formed under section 5(c) of the University of Kansas School of Law Dispute Resolution Procedures ("DRP") to evaluate Associate Dean Wendy Rohleder-Sook's Feb. 17, 2010, complaint against Mr. Robert Brown.

Section 1(a) of the DRP provides that "these procedures apply only to the extent that they are consistent with and not superseded by other provisions of law, including the University Senate Code or U.S.R.R." In other words, the U.S.R.R. governs this panel and, if there is any inconsistency between the DRP and U.S.R.R., the latter prevails.

Section 6.5.3.1(d) of the U.S.R.R. says that:

> The Judicial Board Chair or any Judicial Board panel adjudicating a grievance or appeal may dismiss involuntarily or by summary judgment, without a hearing and upon the pleadings alone, any grievance or appeal on the grounds that:
>
> . . .
>
> d) the grievance does not state a cause of action, that is, it fails to allege a violation of a University rule, or the appeal fails to state a valid ground for appeal;

We understand this to permit us to dismiss Dean Rohleder-Sook's complaint unless it alleges facts that, if true, would constitute a violation of a particular University rule. Dean Rohleder-Sook's complaint fails to cite any such rule. The end of the complaint does, however, refer to "academic and professional misconduct affecting the law school."

Furthermore, Dean Rohleder-Sook's April 16, 2010, response to Mr. Brown cites section 1 of the DRP, which says:

1

BROWN v KU 000140



EXHIBIT 9

1r-19-11

*CONFIDENTIAL*

> These procedures apply to any dispute within the cognizance of the University of Kansas School of Law as a unit of the University of Kansas pursuant to the University Senate Code and the U.S.R.R. Such disputes include, but are not limited to, grade appeals, honor code violations, and other allegations of academic or professional misconduct occurring in the law school setting or affecting the law school.

Dean Rohleder-Sook's cite to this provision, along with her reference to "academic and professional misconduct affecting the law school", might be taken as an assertion that her complaint states a cause of action if it alleges facts that, if true, would constitute "academic and professional misconduct affecting the law school." We reject such an assertion. We do not read DRP section 1 to broadly prohibit all academic and professional misconduct affecting the law school. Rather, we read DRP section 1 in a common-sense way supported by its heading "Scope." DRP section 1 is merely a "scope" provision, delimiting the disputes to which the DRP provides. DRP section 1 is not a substantive provision. It does not contain a substantive rule delimiting what conduct is prohibited. Therefore, DRP section 1 cannot serve as a particular University rule allegedly violated by Mr. Brown.

In addition, Dean Rohleder-Sook's April 16, 2010, response to Mr. Brown cites U.S.R.R. section 2.6.1. That rule reads as follows:

> Academic misconduct by a student shall include, but not be limited to, disruption of classes; threatening an instructor or fellow student in an academic setting; giving or receiving of unauthorized aid on examinations or in the preparation of notebooks, themes, reports or other assignments; knowingly misrepresenting the source of any academic work; unauthorized changing of grades; unauthorized use of University approvals or forging of signatures; falsification of research results; plagiarizing of another's work; violation of regulations or ethical codes for the treatment of human and animal subjects; or otherwise acting dishonestly in research.

> Academic misconduct by an instructor shall include, but not be limited to, grading student work by criteria other than academic performance, willful neglect in the discharge of teaching duties, falsification of research results, plagiarizing of another's work, violation of regulations or ethical codes for the treatment of human and animal subjects, or otherwise acting dishonestly in research.

2

BROWN v KU 000141

*CONFIDENTIAL*

We conclude that Dean Rohleder-Sook's complaint does not state a claim for violation of this rule, even assuming the facts alleged in the complaint are true. The complaint does not allege any of the types of academic misconduct expressly listed in section 2.6.1. It is true that this list is not exclusive -- section 2.6.1 begins "shall include, but not be limited to" -- but this does not mean that section 2.6.1 should be interpreted to cover all misconduct. It covers only "Academic misconduct by a student" or instructor and the alleged misconduct by Mr. Brown was neither "academic" nor by a student or instructor.

The primary misconduct alleged in the complaint was the misrepresentation on Mr. Brown's application for admission. At the time of this alleged misrepresentation, Mr. Brown was not a student. And calling this misrepresentation "academic misconduct" would stretch the term "academic" too far. All of the types of academic misconduct expressly listed in section 2.6.1 are things students do in their capacity as students. Therefore, we conclude, the only non-listed things covered by section 2.6.1 are also things students do in their capacity as students. Mr. Brown is not alleged to have done anything of this sort. His alleged misconduct was not "academic" misconduct and certainly not "academic misconduct by a student." The complaint fails to allege a violation of section 2.6.1 or, to use the words of U.S.R.R. section 6.5.3.1(d), any other "University rule".

Therefore, we hereby dismiss Dean Wendy Rohleder-Sook's complaint of Feb. 17, 2010. While we are not aware of any University rule prohibiting misrepresentation on an application for admission, we do not believe that is the end of this matter. Mr. Brown's application states "I understand that falsification, misrepresentation or failure to supply the required information in connection with this application is sufficient cause for denial of my application or dismissal from the School of Law." Similarly, Mr. Brown's LSAC letter certifying his electronic application to the Law School states:

> I certify that, to the best of my knowledge, the information stated on this application and in any supporting documents submitted is true and complete. I understand the falsification, misrepresentation or failure to supply required information in connection with this application is sufficient cause for denial of my application or dismissal from the School of Law. I understand that I have a duty to notify the Office of Admissions if there are any changes in my answers after this application is submitted.

In each of these documents, signed by Mr. Brown, he acknowledges the Law School's right to dismiss him if his application for admission contains a misrepresentation. Mr. Brown's Aug. 27, 2009, letter to Dean Wendy Rohleder-Sook's clearly concedes that he did in fact make misrepresentations on his application. Therefore, we recognize that the Law School has the right to dismiss Mr. Brown even though this Hearing Panel does not have the authority to hear this case.



**THE UNIVERSITY OF KANSAS**
School of Law

June 7, 2010

Via U.S. Certified and Regular Mail
and e-mail: bbrown@netstandard.com

**Personal and Confidential**

Mr. Robert M. Brown
6200 W. 74th Street
Overland Park, KS 66204

Re: Dismissal from Law School

Dear Mr. Brown:



Brown DEPOSITION EXHIBIT 10

In a letter dated May 25, 2010, you were advised that the School of Law intended to dismiss you, effective as of Tuesday, June 8, 2010, for falsification, misrepresentation, and failure to supply complete, accurate, and truthful answers to questions on your application for admission to the School of Law. You were given an opportunity to submit a written response to that letter.

You characterized your letter dated May 27, 2010, as your written response to the May 25, 2010, letter. In your letter you did not provide an explanation for your responses to the questions on the application for admission, nor offer any mitigation for the falsification, misrepresentation, and failure to supply on the application complete, accurate, and truthful answers. You asserted that your dismissal is inappropriate because it violates the Student Code of Rights and Responsibilities promulgated by the University Senate, specifically Article 2(E) and Article 2(F). You subsequently filed a petition with the Judicial Board seeking review. On June 3, 2010, the Chair of the University Judicial Board informed you that the Board had dismissed your petition on the ground that it lacked jurisdiction over the subject matter, noting that admission standards are within the jurisdiction of the various schools and the College.

The University's Faculty Senate Rules and Regulations (F.S.R.R.) 2.1.1 vest in the various schools and the College the authority to establish policies for admission. The Law School Admissions Committee upon review of all of the materials regarding your record, including those that were subsequently disclosed, determined that it would not have granted you admission to the School of Law had it known all of the facts at the time of its original decision to offer you admission. The certifications you executed in your application and in your letter to the Law School Admissions Committee certifying your online application, expressly reflected your understanding that "falsification, misrepresentation or failure to supply the required information" would be cause for denial of admission or for dismissal from the School of Law. Having considered your written response, I find no reason not to proceed with your dismissal from the School of Law. Therefore, you are hereby dismissed from the School of Law, based on

Office of the Dean
Green Hall | 1535 W. 15th Street | Lawrence, KS 66045-7608 | (785) 864-4531 | Fax (785) 864-5054

Robert Brown
June 7, 2010
Page 2

falsification, misrepresentation and failure to supply the required information to support your admission to the School of Law. The dismissal is effective immediately.

The School of Law's transcript will show that your dismissal was based on your falsification, misrepresentation, and failure to supply required information on your application to the School of Law. If you are currently enrolled in any summer session classes, your tuition and fees related to those classes will be refunded to you.

The University is an agency of the State of Kansas, and this letter is intended to serve as a notice of a final agency action by the University of Kansas. Chancellor Bernadette Gray-Little is the agency officer who should receive any service on behalf of the University of any subsequent petition for judicial review of this action.

Sincerely,

Gail B. Agrawal
Dean and Professor of Law

Cc: Interim Dean and Professor Stephen Mazza