## DECLARATION OF JOYCE McCRAY PEARSON

My name is Joyce McCray Pearson. Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. I am employed at the University of Kansas as the Director of the KU Wheat Law Library and Associate Professor of Law in the University of Kansas School of Law.

2. The University of Kansas, like many colleges and universities, has a tradition of shared governance in which faculty and staff provide recommendations and participate in various capacities within the University's established governance structure. As part of the University's established processes for conflict resolution, the University has established a University Judicial Board, the jurisdiction of which is delineated in the University's University Senate Rules and Regulations (U.S.R.R.) Article VI., Procedures for Conflict Resolution.

3. As part of their faculty duties, faculty members at the University of Kansas are expected to engage in service to their school, the University, and to the profession. To that end, I agreed to serve as a member of the University's Judicial Board, and during the 2009-2010 academic year, I was the Chair of the Judicial Board.

4. The Office of University Governance provides administrative staffing and support to the various governance committees including the University Judicial Board. Kathy Reed, University Governance administrative staff, provided administrative support to me as Chair of the Judicial Board. In that role, she acted in a clerk capacity receiving and filing documents filed with the Judicial Board, processing


EXHIBIT C

my correspondence, researching governance precedents and University rules and regulations, scheduling, maintaining the Judicial Board files, providing administrative support for Judicial Board hearings, etc.

5. As Chair of the Judicial Board, it was my responsibility to review complaints submitted to the Judicial Board to determine whether the complaints were within the Judicial Board's jurisdiction, and if so, to assign the matter for hearing either before a Judicial Board hearing panel or a Judicial Board Appeal panel for their review and consideration.

6. The University Senate Rules and Regulations, 6.5.3, Involuntary Dismissal and Summary Judgment, provides that the Judicial Board Chair:

> [M]ay dismiss involuntarily or by summary judgment, without a hearing and upon the pleadings alone, any grievance of appeal on the grounds that:
>
> a) the grievance or appeal, or another grievance or appeal involving substantially the same underlying occurrence or events has already been, or is being, adjudicated by proper University procedures;
> b) the grievance or appeal has not been filed in a timely fashion;
> c) <u>the Judicial Board lacks jurisdiction over the subject matter or any of the parties;</u>
> d) <u>the grievance does not state a cause of action, that is, it fails to allege a violation of a University rule, or the appeal fails to state a valid ground for appeal;</u>
> e) the party filing the grievance or appeal lacks standing because he or she has not suffered a distinct injury as a result of the challenged conduct and has not been empowered to bring the complaint or appeal on behalf of the university, or
> f) the party filing the grievance has been denied the right to file grievances pursuant to U.S.R.R. 6.5.4.

*See* Deposition Exhibit 6, at U.S.R.R. 6.5.3.1 (emphasis added).

7. On or about May 31, 2010, Kathy Reed in the Office of University Governance received from Robert Brown two documents; the first titled "Request for an Initial Hearing before the Judicial Board Pursuant to 6.4.3.1(b) of the University Senate Rules and Regulations and Election to Invoke the Jurisdiction of the University Judicial Board Pursuant to University of Kansas Law School Dispute Resolution Procedure Section (A)(4)(c)" (*See* Deposition Exhibit 27), and the second document titled "Request for Jurisdictional Ruling Pursuant to 6.5.2.1 of the University Senate Rules and Regulations." Ms. Reed informed me of Mr. Brown's filings, and I reviewed and considered the documents as Judicial Board Chair.

8. I did not know of Mr. Brown or the issues concerning his application for admission to the KU School of Law until I reviewed the documents he filed with University Governance on May 31, 2010. On reviewing Mr. Brown's May 31, 2010 filings seeking to invoke the Judicial Board's jurisdiction, it was apparent that Mr. Brown's complaint arose out of his application for admission to the School of Law and the Law School's handling of the admission question following Mr. Brown's amendment of his application to disclose his criminal history. Admissions policies and admissions decisions made pursuant to those policies are not subject to review by the Judicial Board, so I concluded that Mr. Brown's filings with the Judicial Board should be dismissed for lack of jurisdiction, and I communicated that

3

decision to Mr. Brown on June 3, 2010, in the attached Deposition Exhibit 4. My June 3, 2010 decision was copied to Dean Gail Agrawal and Associate Deans Mazza and Rohleder-Sook because Mr. Brown had included them as recipients on his May 31, 2010 Judicial Board filings.

9. In reviewing and considering Mr. Brown's May 31, 2010 Judicial Board filings as Judicial Board Chair, I acted independently, and to the best of my knowledge and recollection, I did not discuss it with anyone other than Kathy Reed, who was providing me administrative support.

10. In reviewing and considering Mr. Brown's May 31, 2010 Judicial Board filings and making my determination that the Judicial Board lacked jurisdiction to hear the matter, I acted in good faith, exercising my independent judgment and discretion in carrying out my responsibilities in my capacity as Judicial Board Chair.

11. I have read this declaration and had the opportunity to make changes to it, and I declare under penalty of perjury that the foregoing is true and correct.

Joyce McCray Pearson

August 6, 2013
Date

*SENT EMAIL & Federal mail 6/:*



**THE UNIVERSITY OF KANSAS**
**University Governance**

June 3, 2010

Robert M. Brown
6200 W. 74th Street
Overland Park, KS 66204

Dear Mr. Brown:

I have reviewed your requests for a jurisdictional ruling and an initial hearing, both dated May 31, 2010. I have also reviewed University Regulations to determine whether they authorize the Judicial Board to exercise jurisdiction in your case. I regret to inform you that I have found no basis for jurisdiction by the Judicial Board.

The Faculty Senate Rules and Regulations (FSRR) 2.1.1 gives the authority for policies on admission to the faculties of the various schools and the College (see excerpt below).

> The Faculty Senate Rules and Regulations
> Section 1. Policies and Procedures
>
> 2.1.1 Policies for admission and readmission are established by the faculties of the various schools or the College, within the parameters of state laws and Regents regulations and within guidelines set by the Faculty Senate. A statement of such requirements shall be published or filed with the Director of Admissions and the Secretary of Faculty Senate. For undergraduate admission, implementation of these policies by the Director of Admissions includes the initial evaluation of credentials presented by applicants covering academic work done elsewhere.

Admission standards lie within the jurisdiction of the schools and College because the academic evaluation lies within the individual department and the professors who have expertise in that field.

Pursuant to University Senate Rule and Regulation 6.5.3.1(c), I hereby dismiss your petition. I have concluded that the Judicial Board lacks jurisdiction over the subject matter.

This Judicial Board decision is the final determination of this matter by the university. If you wish to proceed outside the university, Chancellor Bernadette Gray-Little is the agency officer who should receive any service or subsequent petition for judicial review of this action.

Sincerely,

*Joyce A. McCray Pearson*
Prof. Joyce A. McCray Pearson
Chair, University Judicial Board


C: Dean Gail Agrawal, Law School
   Associate Dean Stephen Mazza, Law School
   Associate Dean Wendy Rohleder-Sook, Law School



EXHIBIT 4
11-19-11

University & Faculty Senate | Faculty Speakers Bureau | Judicial Board | Disciplinary Action Hearing Board
Strong Hall | 1450 Jayhawk Blvd., Room 33 | Lawrence KS 66045-7535 | (785) 864-5169 | www.governance.ku.edu

BROWN v KU 000133