# DECLARATION OF STEPHEN W. MAZZA

My name is Stephen W. Mazza. Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. I am employed at the University of Kansas as Dean and Professor of Law in the University of Kansas School of Law. During the period 2007 through mid-June 2010, I was the Associate Dean for Academic Affairs.

2. In my capacity as Associate Dean for Academic Affairs, I was responsible for student academic issues and administering the School of Law's dispute resolution process. During my tenure as Associate Dean for Academic Affairs, there were few issues that required that the dispute resolution process be invoked. On those infrequent occasions when it was invoked, the majority of the issues involved academic misconduct such as plagiarism or cheating.

3. At some point in the Fall 2009 term, I learned that a student who had been admitted to the 2009 entering class disclosed that he had failed to disclose on his application for admission his criminal history. Wendy Rohleder-Sook, Associate Dean for Student Affairs, who oversaw Admissions was following up with the student to obtain additional information and details concerning his disclosure of his criminal history, and was going to present that information to the Admissions Committee for its review and consideration.

4. In January 2010, the Admissions Committee had reconvened to consider Robert Brown's application materials and amended application information disclosing his criminal history. The Admissions Committee determined that it would not have



EXHIBIT D

admitted Robert Brown had it known the true nature of his qualifications for admission, including his criminal history.

5. In light of the Admissions Committee's determination, I concluded that Mr. Brown should be provided an opportunity to be heard concerning his failure to disclose his criminal history in response to the application's character and fitness questions. The Law School's Dispute Resolution Procedure was the process that existed to address disputes within the Law School, so I determined that is the process that would be made available to Mr. Brown.

6. Wendy Rohleder-Sook, Associate Dean for Student Affairs, initiated the dispute resolution process by filing a complaint titled "Allegation of Academic Misconduct: Robert M. Brown." *See* Stipulated Fact ¶ 34. Robert Brown provided a response to that allegation on February 28, 2010. *See* Stipulated Fact ¶ 35.

7. As Associate Dean for Academic Affairs, it was my responsibility in overseeing the Law School's Dispute Resolution Procedure to administratively facilitate and support the process, including receiving documents related to the process, identifying hearing panel members to serve, and coordinating scheduling.

8. On May 3, 2010, the hearing panel issued its Memorandum dismissing the academic misconduct charge against Brown, but noting that its dismissal did not conclude the matter. The hearing panel noted the language in the application and certification executed by Mr. Brown, which provided that the Law School had the

right to dismiss him if his application for admission contained a misrepresentation. *See* Stipulated Fact ¶'s 36-37; and Deposition Exhibit 9.

9. Following the hearing panel's May 3, 2010, Memorandum, I consulted with Dean Agrawal, who determined that the issue of Robert Brown's misrepresentations in his application for admission was her responsibility to decide.

10. Throughout my involvement with Mr. Brown concerning his misrepresentations on his application for admission, I acted in good faith in the exercise of my professional judgment and discretion in carrying out my duties and responsibilities as Associate Dean for Academic Affairs.

I have read this declaration and had the opportunity to make changes to it, and I declare under penalty of perjury that the foregoing is true and correct.

_____
Stephen W. Mazza

8/7/2013
Date

3