**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROBERT M. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-CV-2606 EFM/KGG |
| | ) |
| **THE UNIVERSITY OF KANSAS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SURREPLY**

Defendants, through counsel, in opposition to Plaintiff's Motion for Leave to File Surreply, request that the Court deny the motion based on the following:

I. **Motion fails to meet Standard required for Leave to file Surreply.**

Plaintiff's Motion for Leave to file Surreply [Doc. 186] does not claim that Defendants' Reply Memorandum in Support of Motion for Summary Judgment [Doc. 184] raised any new evidence or legal arguments. Accordingly, Plaintiff's motion fails to meet the stringent standard required for seeking leave to file a surreply and his motion should be denied.

Under D. Kan. 7.1(a) and (c), parties are authorized to file a dispositive motion, a response and a reply. "Surreplies are typically not allowed" in order to avoid endless briefing. *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citing *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001)). Surreplies are permitted only when there are "exceptional circumstances compelling the filing of such a

pleading." *Lemaster v. Collins Bus Corp.,* 2012 U.S. Dist. LEXIS 157417, 2012 WL 4397996 (D. Kan. Nov. 2, 2012) (citing *IMC Chemicals v. Niro*, 95 F. Supp. 2d 1198, 1214 (D. Kan. 2000). Compelling circumstances warranting the filing of a surreply exist only when new evidence or new legal arguments have been raised. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

Despite citing the appropriate standard in his motion, Mr. Brown blatantly ignores the legal standard required for seeking leave to file a surreply. Instead, he acknowledges the purpose of his surreply is "merely to bring to the Court's attention deficiencies in defendants' treatment of his additional statements of fact." [Doc. 186]. Thus, the surreply is clearly improper as it is proffered simply to criticize the substance of the Defendants' Response and not to address newly raised evidence or arguments. Therefore, leave to file the surreply should be denied.

II.  **Substantive Criticism of Defendants' Response does not Justify a Surreply.**

The substance of Plaintiff's Proposed Surreply to Defendants' Reply [Doc. 186-1] confirms that Mr. Brown is attempting to circumvent D. Kan. 7.1 (c) and obtain another opportunity to argue the motion for summary judgment under the guise of a surreply. This is improper.

As noted in Defendants' Reply Memorandum in Support of Motion for Summary Judgment [Doc. 184], Mr. Brown attempted to manufacture the appearance of a disputed fact issue by littering the record with three hundred and twenty-one paragraphs of additional irrelevant and immaterial facts. Defendants responded to those facts by

pointing out that a vast majority of them were in no way probative of the claims stated in the case. Mr. Brown's Proposed Surreply criticizes that response.

Many of the facts Mr. Brown put in his Reply were the argumentative, conclusory statements contained in his Complaint. Mr. Brown's Proposed Surreply [Doc. 186-1] asserts that defendants' Response to those conclusory, irrelevant facts failed to comply with the requirements of D. Kan. 56.1(c). Mr. Brown asserts that because his Complaint was verified, those factual statements he included in his Reply from his Complaint required a more substantive response. [Doc. 186-1, pp. 5-6] Mr. Brown's argument, however, ignores the fact that the court need not treat a verified complaint as an affidavit if "the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988); *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671-72 (10th Cir. 1998) ("The conclusory allegation in Plaintiff's complaint, although verified, are of . . . little help in carrying her burden under Rule 56(e)."); *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991) (holding a trial court must disregard conclusory allegations in a verified complaint when considering a motion for summary judgment).

Mr. Brown's argument also ignores the Rule 56 Fed.R.Civ.P. standard for determining whether summary judgment is proper. In order to avoid summary judgment, the party opposing summary judgment must demonstrate a genuine dispute of a <u>material</u> fact. An issue is "genuine" if there is sufficient evidence on each side so that rational trier of fact could resolve the issue either way. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  *See id.*

Mr. Brown, as demonstrated by his Reply and his Proposed Surreply, seems to believe that he can ignore the materiality requirement.  Although his Reply introduced many facts, that alone does not make those facts material.  As noted in Defendants' Response, Mr. Brown's Reply was unsuccessful in tying those facts to the essential elements of his claims.  Consequently, he failed to demonstrate the facts were material.

Mr. Brown perpetuates that same mistake in his Proposed Surreply.  For example, Brown claims his additional factual paragraphs 258-302 regarding disciplinary history of other students "are so arbitrary and capricious as to constitute due Process Violations." [Doc. 186-1, pp. 4-5].  How?  What the University may have done with other students is in no way probative on the question of whether Mr. Brown was afforded constitutionally sufficient due process, which is notice and an opportunity to respond.

## **Conclusion**

For the reasons stated above, defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Surreply.

        Respectfully submitted,

        By:  /s  Sara L. Trower

        Sara L. Trower, Ks. # 21514
        Associate General Counsel and Special
        Assistant Attorney General
        Room 245 Strong Hall
        1450 Jayhawk Blvd.
        Lawrence, KS 66045
        Tel:  (785) 864-3276
        Fax:  (785) 864-4617
        E-mail:  strower@ku.edu
        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed with the clerk of the court on December 18, 2013, by using the CM/ECF system which will provide notice of filing to:

Robert M. Brown, Pro Se
6200 W. 74th Street
Overland Park, KS 66204
Phone: 816-721-4512
Fax: 866-610-4630
Email: robertmbrown@live.com

        /s   Sara L.Trower_____
        *Attorney for Defendants*

5