IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-2606 EFM/KGG |
| | ) |
| THE UNIVERSITY OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF BILL OF COSTS**

Defendants, through counsel, pursuant to D. Kan. Rule 54.1, submit this Memorandum in Support of the Defendants' Bill of Costs:

**I.  Introduction**

The Clerk of the Court may tax any of the costs enumerated in 28 U.S.C. 1920. Federal Rule of Civil Procedure 54 "creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). Denying costs to a prevailing party is a "severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg,* 44 F.3d 1497, 1507 (10th Cir. 1995). Once the prevailing party makes a showing that its requested costs fall within the categories of recoverable costs enumerated in 28 U.S.C. § 1920, "[t]he burden is on the non-prevailing party to overcome the presumption in favor of the prevailing party." *Cantrell*, 69 F.3d at 458-59.

In this case, the Defendants are the prevailing party. This Court granted Defendants' Motion for Summary Judgment [Doc. 188] and entered judgment against Mr. Brown on April 18, 2014. [Doc. 189] Mr. Brown appealed this judgment to the Tenth Circuit, and on March 11, 2015, the Tenth Circuit issued its mandate to this Court, affirming judgment in favor of Defendants. [Docs. 194] In addition, the Tenth Circuit awarded costs in the amount of $77.60 as part of its mandate. [Doc. 71].

Defendants seek to tax costs, totaling $2,480.15 to Mr. Brown as authorized by 28 U.S.C. 1920.

## II.    Itemization of Costs

### A. Fees for Printed or Electronically Recorded Transcripts

The court or its clerk may tax the fees of a court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. 28 U.S.C. § 1920(2). "The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). The cost of a deposition is taxable if "all or any part of the deposition was necessarily obtained for use in the case, even if not actually used . . . ." *Green Const. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 677 (D. Kan. 1994). Transcripts used at summary judgment are properly taxed as costs. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997).

Transcript costs of $2,402.55 are claimed for ten depositions.[1]  As discussed more fully below, each of these depositions was necessary for the defense of the litigation. Therefore, the costs should be awarded.

**1. Deposition of Plaintiff Robert Brown - $1,142.30**

The transcript for the deposition of plaintiff Brown cost $1,142.30. Plaintiff Brown's deposition was necessary to discover the facts supporting his claims in the litigation. Moreover, deposition excerpts were used in support of Defendants' Motion for Summary Judgment.  [Doc. 155-5, Doc. 185].  Therefore, the cost of Mr. Brown's deposition is reimbursable.  *Tilton v. Capital Cities/ABC, Inc.*, 115 F.d 1471, 1473 (10th Cir. 1997) (costs for depositions used in connection with summary judgment motions are reimbursable under § 1920).

**2. Costs of Transcript Copies for Depositions of Defendants and Witnesses noticed by Plaintiff ($1,260.25)**

Plaintiff took the depositions of defendants Mazza ($239.25); Agrawal ($181.25); McCray-Pearson ($303.75)[2], Rohleder-Sook ($193.00), and Bernadette Gray-Little ($136.50)[3].  Brown used excerpts from Mazza's depositions [Doc. 168-21, 168-22],

---

[1] *See* Bill of Costs, Exhibit 1 attached thereto.

[2] The reporting firm billed the cost of the two depositions for defendant McCray Pearson and witness Sandra Craig in a single statement together for a total of $303.75 without itemizing the individual cost for each. Mr. Brown requested both depositions; therefore, the copies of the transcripts obtained by defendants were necessary for the litigation.

[3] The reporting firm billed the cost of the two deposition for defendant Gray-Little and witness Jean Phillips in a single statement together for a total of $136.50 without itemizing the individual cost for each.  Mr. Brown requested both depositions; therefore, the copies of the transcripts obtained by defendants were necessary for the litigation.

3

Agrawal's deposition [Doc. 168-18], Gray-Little's deposition [168-20], and Rohleder-Sook's deposition [Doc. 170-1] in his response in opposition to summary judgment.

In addition to the defendants depositions, Plaintiff Brown took the depositions of witnesses Jean Phillips (*See* footnote 3 below), Sandra Craig-McKenzie (*See* footnote 2 below), and Stephen Ware and Robin Miller.[4] Mr. Brown used excerpts from McKenzie's deposition [Doc. 168-23] and Miller's deposition [Doc. 168-24] in his response in opposition to summary judgment. Each of the witnesses were employees of the University of Kansas, School of Law and were identified by Mr. Brown as having knowledge about his claims in the lawsuit.

A prevailing party may tax the costs of obtaining a transcript of depositions initiated by another party, particularly where the deponents are the prevailing parties' representatives and where the transcripts are actually used in the case. *Callicrate*, 139 F.3d at 1340; *Hutchings*, 1999 WL 588214, at *2. Consequently, the costs of the defendants and witnesses depositions are reimbursable.

### *Conclusion*

In accordance with 28 U.S.C. § 1920, the Clerk or the Court should tax as costs Defendants' fees for transcripts necessarily obtained for use in this case in the amount of

---

[4] The reporting firm billed the cost of the Ware and Miller deposition transcripts together for a total of $206.50 without itemizing the cost for each. Mr. Brown requested both depositions; therefore, the copies of the transcripts obtained by defendants were necessary for the litigation.

$2,402.55 and $77.60 taxed as costs on the Court of Appeals mandate, for a total award of costs of $2,480.15.

## *Certificate of Compliance*

Pursuant to D. Kan. Rule 54.1 (a)(2)(D), the undersigned counsel made a reasonable effort to confer with Plaintiff Robert M. Brown by teleconference regarding the amount of costs to be sought.

/s  Sara L. Trower<br>
Sara L. Trower, Ks. # 21514

Respectfully submitted,

/s  Sara L. Trower

Sara L. Trower, Ks. # 21514
Associate General Counsel and Special
Assistant Attorney General
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617
E-mail:  strower@ku.edu
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed with the clerk of the court on April 10, 2015, by using the CM/ECF system which will provide notice of filing to:

Robert M. Brown, Pro Se
6200 W. 74th Street
Overland Park, KS 66204
Phone: 816-721-4512
Fax: 866-610-4630
Email: robertmbrown@live.com

/s   Sara L.Trower_____
*Attorney for Defendants*